556 P.2d 1228 (1976)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Bernard A. ERTHAL, Defendant-Appellant.
No. 75-465.
Colorado Court of Appeals, Div. I.
September 16, 1976.
Rehearing Denied October 7, 1976.
Certiorari Granted December 13, 1976.
*1229 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, John R. Rodman, Asst. Attys. Gen., Denver, for plaintiff-appellee.
Don L. Nelson, Fort Collins, for defendant-appellant.
Selected for Official Publication.
PIERCE, Judge.
Defendant appeals his conviction of burglary and felony theft, asserting among other things that the trial court erred in failing to suppress evidence seized from his place of business pursuant to a search warrant. We reverse.
Testimony at a combined preliminary and suppression hearing, and at trial, revealed the following. On February 5, 1974, a cabinetmaking shop was broken into and various items, including power-assisted carpentry tools, were stolen. Upon discovery of the burglary, the owner of the shop immediately notified the authorities. A deputy sheriff was dispatched to investigate.
On his initial visit to the scene, the deputy's investigation did not reveal any clues as to the identity of the perpetrator. However, the shopowner informed him of his suspicions regarding defendant, a former employee who was operating a competing cabinetmaking enterprise. The deputy was also provided with a list of the items believed to be missing.
Later that day, the owner again contacted the Sheriff's office concerning the incident, and the same deputy returned to the scene where he was shown tire tracks located in a field some 50 yards away from the burglarized premises. The deputy deduced that the tracks had been made by a four-wheel drive vehicle or pickup truck. The owner apprised him of the fact that defendant owned such a vehicle. The deputy then left and visited defendant's shop. He testified that, while there, he observed tools similar to those reportedly taken and a four-wheel drive vehicle with tires similar to those which had left the tracks. At the time of this visit, the deputy conversed with defendant regarding defendant's method of cabinet construction, from which the deputy concluded that defendant used no power tools in his operation.
On March 28, nearly two months later, the shopowner again contacted the Sheriff's office, and related certain additional information obtained by the owner as the consequence of his own investigation of the incident, which information he believed demonstrated the likelihood of defendant's guilt. That information was that the shopowner had previously inspected cabinets which had been constructed by defendant, and that he had found them to have been manufactured with power tools, but that upon inquiry to another party, the shop owner had concluded that defendant did not have an account with the distributor of the power equipment utilized. On March 30, in response to the information conveyed, the investigating deputy prepared an affidavit incorporating all of the foregoing which was the basis for the issuance of a warrant for a search of defendant's place of business.
The warrant was executed on April 1. On that date, the owner of the burglarized premises accompanied law enforcement officials to defendant's shop where tools and hardware were seized. Although the precise nature of the owner's involvement in the search was never established, it is apparent from his testimony that he participated to some degree. At trial some of the seized items were identified by the owner as belonging to him or as being similar to those stolen. All of the seized property was of the type ordinarily expected to be present in a carpentry enterprise, and none of the items reported to have been stolen which were of a distinctive nature or bore identification numbers were found in the search. The seized items as identified, however, formed the principal basis for defendant's conviction.
Among other matters, the deputy's affidavit contained information regarding: The tire tracks; his visit to defendant's cabinet shop on February 5, 1974, and what he observed there; his conclusions regarding defendant's manner of manufacture; *1230 the defendant's status as a former employee of the victimized shopowner; defendant's alleged familiarity with the burglarized building and equipment; the shopowner's examination of defendant's products which had been constructed at some unstated time, allegedly with power equipment; and the shopowner's receipt of information that the defendant did not have an account with the relevant power equipment supplier.
Defendant asserts, on three separate grounds, that probable cause did not exist for the issuance of the search warrant. We agree that the affidavit was defective in each of the particulars urged by him, but a discussion of only one of the defects suffices to dispose of this appeal.
The principal contention is that probable cause was absent because almost two months passed between the deputy's visit to defendant's shop, when he observed suspect items, and the date of the affidavit seeking a warrant for the search of the shop, which affidavit was based, in large part, on that earlier visit. Defendant correctly argues that because of that extended interval, the affidavit was based on stale information, and did not justify a reasonable belief that the missing items could still be found in the shop some two months after allegedly being seen there.
A search warrant may properly issue only upon written affidavit establishing probable cause for the belief that the items sought are or will be located on the premises to be searched at the time at which the warrant is procured, or within a reasonable time thereafter. See § 16-3-303(1)(d), C. R.S.1973; People v. Ward, 181 Colo. 246, 508 P.2d 1257 (1973).
Because of the long lapse of time, the information in the affidavit pertaining to the probable location of the sought items was insufficient for the issuance of a search warrant. See People v. Bauer, Colo., 552 P.2d 512 (1976); People v. Padilla, 182 Colo. 101, 511 P.2d 480 (1973). See generally Annot., 100 A.L.R.2d 525 (1965). Nor did anything of a competent nature appear in the affidavit from which to infer the continuation of illegal activity, or the continued use of feloniously obtained tools and hardware, which might support a reasonable belief that stolen items would still be on the premises. See People v. Schmidt, 172 Colo. 285, 473 P.2d 698 (1970).
"The proof supplied must have appropriate relation to the application for the. . . warrant and must speak as of the time of the issue of that warrant. The [issuing authority] has no authority to rely on affidavits which have sole relation to a different time and have not been brought down to date or supplemented so that they can be deemed to disclose grounds existing when the. . . warrant is issued. The. . . warrant must rest upon a proper finding . . . that probable cause then exists. That determination, as of that time, cannot be left to mere inference or conjecture."

Sgro v. United States, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932).
The warrant issued on the basis of the affidavit was therefore invalid, the resulting search was illegal, and the items seized as a consequence should have been suppressed.
Judgment reversed and cause remanded for new trial.
RULAND and KELLY, JJ., concur.