## No. C-1097

**The People of the State of Colorado v. Bernard A. Erthal**

(570 P.2d 534)

Decided October 11, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, John R. Rodman, Assistant, for petitioner.

Don L. Nelson, for respondent

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

We granted certiorari in this case to review the court of appeals' reversal of defendant Erthal's conviction of second-degree burglary of and felony theft from a cabinetmaking shop. In reversing and remanding to the trial court for a new trial, the court of appeals ruled that certain evidence admitted at trial should have been suppressed. *People v. Erthal*, 38 Colo. App. 245, 556 P.2d 1228 (1976). We affirm the judgment of the court of appeals.

The defendant moved to suppress evidence seized during the execution of a search warrant, alleging that the warrant was invalid due to inaccuracies in the affidavit, insufficient descriptions of some of the objects sought, and the lapse of almost two months from the time of the investigation of the crime to the time the warrant was issued and executed. The court of appeals agreed with all the contentions of invalidity but addressed only the staleness issue.

On February 5, 1974, the date the burglary was reported, a deputy sheriff conducted an investigation which is detailed in the opinion of the court of appeals. No further action was taken by the sheriff's office until April 1, 1974, when a warrant was issued and executed after the victim communicated information he had discovered by his own investigation. At one time, the defendant had been employed by the victim, but for six months prior to the burglary, he had run a competing cabinetmaking shop. The only information about what tools and supplies were present in defendant's shop had been obtained February 5th when in the course of his investigation the deputy visited the defendant's shop and reported seeing saw blades "of the type" reported stolen.

■ Due to the lapse of nearly two months between the deputy's observation of saw blades in Erthal's shop and the issuance of the warrant, there was no probable cause to believe that stolen goods were in the shop at the time the warrant was executed. *See* section 16-3-303(1)(d), C.R.S. 1973. The victim's more recent information did not touch upon the point of whether any stolen items might still be in the defendant's shop and thus did not remedy the staleness of the information in the affidavit. *See People v. Bauer*, 191 Colo. 331, 552 P.2d 512 (1976); *People v. Padilla*, 182 Colo. 101, 511 P.2d 480 (1973). *See generally Annot.* 100 A.L.R. 2d 525 (1965). There was no information that the suspect continuously engaged in criminal activity or continued to use feloniously obtained tools, factors which might have justified the belief that the stolen items would still be in the location to be searched. *See People v. Schmidt*, 172 Colo.

285, 473 P.2d 698 (1970).

After reviewing this record, we find it unnecessary to discuss the other alleged deficiencies in the affidavit. We agree with the court of appeals that the warrant was invalid because it was not supported by a sufficient affidavit. The evidence obtained as a result of the ensuing illegal search should have been suppressed.

The judgment of the court of appeals is affirmed.

MR. JUSTICE LEE does not participate.