**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Robert McKinley THROWER, Defendant-Appellant.**

No. 81CA1078.

Colorado Court of Appeals, Div. III.

Feb. 10, 1983.

Rehearing Denied March 17, 1983.

Certiorari Denied Sept. 12, 1983.

R. Dale Tooley, Dist. Atty., Brooke Wunnicke, Deputy Dist. Atty., for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Jody Sorenson Theis, Deputy State Public Defender, for defendant-appellant.

BERMAN, Judge.

Defendant here appeals his conviction of first degree murder. We affirm the judgment of conviction, but remand for correction of the mittimus and resentencing.

According to the record, a man entered a market on August 8, 1980, carrying a brown grocery bag. He purchased two ice cream sandwiches. As the man reached into his pocket for money, the bag shifted and the store owner was able to see the butt of a gun within the bag.

The owner sent one of his employees after the man to try to get his license number. When the employee did not return fifteen minutes later, the owner called the police. The employee was found in his car, mortally wounded with a gunshot wound to the head. Detectives identified the bullet as being approximately 38 caliber.

A number of people in the neighborhood witnessed either the shooting or the gunman's flight on foot and were able to describe the assailant and his clothing. An investigation was commenced but no arrests were made at that time. The afternoon of the shooting, defendant was arrested for auto theft, and was held in county jail until late September 1980.

On October 3, fingerprints taken from an ice cream wrapper which the owner saw the assailant discard moments after he left the store and which had been preserved as evidence were, for the first time, positively identified as those of defendant. A search warrant was issued on October 4 for the defendant's home for any handgun of approximate 38 caliber, bullets or spent shells of that same caliber, and for a black T-shirt seen worn by the assailant on the day of the shooting. The search recovered the black T-shirt in defendant's room. A warrant for defendant's arrest was then issued.

Defendant was convicted of first degree murder. He now appeals his conviction, claiming that the search warrant was "stale," and that certain items of evidence were improperly admitted. We affirm.

## I.

Defendant first claims that because of the lapse of nearly two months between the shooting on August 8, 1980, and the issuance of the search warrant on October 4, 1980, and because of incorrect information in the warrant, there was no probable cause to support the issuance of that warrant. We disagree.

A search warrant may properly issue only upon a written affidavit establishing probable cause for the belief that the items are, or will be, located on the premises to be searched. Section 16–3–303(1)(d), C.R.S. 1973 (1978 Repl.Vol. 8). Here, the police did not consider that they had sufficient evidence establishing probable cause to obtain a search warrant until on October 3 when the fingerprints taken from the ice cream wrapper were confirmed to be those of the defendant. The warrant was issued on October 4. Thus, the warrant was not predicated on "stale information" as defendant asserts.

*People v. Erthal,* 38 Colo.App. 245, 556 P.2d 1228 (1976), aff'd, 194 Colo. 147, 570 P.2d 534 (1977), cited by defendant, is distinguishable. In *Erthal,* probable cause existed months before the warrant was issued.

Defendant also claims that the warrant was invalid because it erroneously stated that the defendant had been continuously in jail since August 8, 1980, when, in fact, he had been released in late September. However, the trial court correctly struck the erroneous information, holding that the affidavit contained other sufficient facts to support a finding of probable cause. *See People v. Dailey,* 639 P.2d 1068 (Colo.1982); *People v. White,* 632 P.2d 609 (Colo.App. 1981).

## II.

Defendant also claims that admission of his driver's license as photo identification was irrelevant and prejudicial. Because defendant gives no explanation of why he believes the admission of the license to have been prejudicial, and we can conceive of none, we discuss only the relevancy issue.

The driver's license photograph, taken 10 days before the murder, depicts defendant wearing a shirt similar, if not identical to, the black tanktop T-shirt which several witnesses had indicated the assailant was wearing at the time of the shooting. The driver's license photograph offers probative evidence that defendant had access to the shirt described by those witnesses. Thus, it was relevant to prove defendant had possession of the incriminating shirt at the time of the crime. "To be admissible, a photograph must be shown to be what it purports to be and must be connected with either the perpetrator, the victim, or the crime ... The relevance determination is a matter for the discretion of the trial court." *See People v. Reynolds,* 194 Colo. 543, 575 P.2d 1286 (1978). We will not disturb the trial court's determination of relevancy here.

## III.

Defendant's final argument, which is made for the first time in a footnote to his appeal brief, is that although the mittimus reads that he was found to have committed a "crime of violence," the jury was not instructed on the elements of crime of violence nor given a separate verdict form or interrogatory as required by 16–11–309(4) & (5), C.R.S.1973 (1978 Repl.Vol. 8); *People v. Grable,* 43 Colo.App. 518, 611 P.2d 588 (1979). Because this argument was neither presented in defendant's motion for a new trial nor did defendant object contemporaneously, we must apply the plain error standard on appeal. *People v. Barker,* 180 Colo. 28, 501 P.2d 1041 (1972). We conclude that, under such circumstances, enhance-

ment of sentence for having committed a crime of violence would be plain error; thus, the cause must be remanded for correction of the mittimus to show conviction of first degree murder only, and for imposition of sentence on that crime only. *See People v. Grable, supra.*

The judgment of conviction of first degree murder is affirmed and the cause is remanded for further proceedings consistent with this opinion.

KIRSHBAUM and TURSI, JJ., concur.