**Gerald BUSCH, a/k/a Gary Bush,**
**Plaintiff–Appellant,**

v.

**Frank GUNTER, Executive Director, Colorado Department of Corrections and Donna Thurlow, Administrator for Offender Time/Release Operations, Colorado Department of Corrections, Defendants–Appellees.**

No. 92CA1800.

Colorado Court of Appeals,
Div. C.

Oct. 7, 1993.

Rehearing Denied Nov. 4, 1993.

Certiorari Denied April 4, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Andrew R. Bantham, Asst. Atty. Gen., Denver, for defendants-appellees.

Gerald Busch, a/k/a Gary Bush, pro se.

Opinion by Judge METZGER.

In this declaratory judgment action, plaintiff, Gerald Busch, a/k/a Gary Busch, appeals the trial court's determination that, because he had been convicted previously of a crime of violence in Wisconsin, he would not be eligible for parole until he had served 75 percent of his sentence in the Department of Corrections. We affirm.

Plaintiff was convicted in 1990 of a second degree sexual assault that had occurred on November 28, 1987, in Colorado. After entering the Department of Corrections, plaintiff was notified that, based on § 17–22.5–303.3(1), C.R.S. (1993 Cum.Supp.), and his 1981 Wisconsin conviction for second degree sexual assault, he would not be eligible for parole until he had served 75 percent of his sentence. Plaintiff argued, however, that his Wisconsin conviction was not for a crime of violence and that, therefore, he was entitled to parole after serving 50 percent of his Colorado sentence.

After exhausting his administrative remedies, plaintiff filed a complaint for declaratory judgment in the trial court. The court entered judgment on the pleadings in favor of the defendants, Frank Gunter, Executive Director, Colorado Department of Corrections and Donna Thurlow, Administrator for Offender Time/Release Operations, Colorado Department of Corrections.

On appeal, plaintiff contends that the trial court erred in characterizing his Wisconsin offense as a crime of violence as defined in § 16–11–309(2)(a)(I), C.R.S. (1993 Cum. Supp.) and asserts that, therefore, he is eligible for parole after serving 50 percent of his Colorado sentence. We disagree.

Section 17–22.5–303.3(1) provides in pertinent part:

Any person sentenced for ... second degree sexual assault ... committed on or after July 1, 1987, who has previously been convicted of a *crime of violence,* shall be eligible for parole after he has served seventy-five percent of the sentence imposed.... (emphasis added)

Our primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly. *Charnes v. Boom,* 766 P.2d 665 (Colo.1988). To discern legislative intent, a court should look first to the statutory language. *People v. Warner,* 801 P.2d 1187 (Colo.1990).

Statutory words and phrases should be given effect according to their plain and ordinary meaning. *People v. District Court,* 713 P.2d 918 (Colo.1986). Further, it is presumed that the General Assembly knows the legal import of the words it uses. *People v. Guenther,* 740 P.2d 971 (Colo.1987).

As pertinent to the facts here, the term "crime of violence" is not defined in the statutory provisions applicable to Title 17. However, it is defined in Title 16 as meaning a crime in which the defendant uses, or possessed and threatened the use of, a deadly weapon during the commission of certain crimes. Section 16–11–309(2)(a)(I). Without a contrary definition appearing in Title 17, we must assume that the General Assembly intended that the term "crime of violence" have a similar meaning in situations such as the one presented here.

Thus, we conclude that in order for plaintiff to be eligible for parole after serving 75 percent of his Colorado sentence, instead of only 50 percent, he must have previously been convicted of a crime in which he used, or possessed and threatened the use of, a deadly weapon. In order to make that determination, we must evaluate the underlying Wisconsin conviction.

In 1981, plaintiff was convicted of second degree sexual assault in Wisconsin. That offense is defined as having "sexual contact or sexual intercourse with another person without consent of that person by use or threat of force or violence." Wis.Stat. Ann. § 940.225(2)(a) (West 1982).

Initially, we note that Wisconsin does not have a crime of violence statute. Therefore, there is no jury finding that defendant "used or possessed and threatened the use of a weapon during the commission of the crime." Thus, we must examine the facts underlying his conviction to determine if plaintiff's conviction falls within the definition of a crime of violence.

The Wisconsin police report indicates that the plaintiff forced his way into the victim's apartment by the use of a gun. In so doing, he stated, "[M]aybe he should end it for both [himself and the victim] right now." Thereafter, he sexually assaulted the victim. The facts contained in that report, which was supplied by plaintiff as a trial court exhibit, demonstrate that he possessed and threatened the use of a weapon during the commission of the sexual assault. Defendant, in his briefs to this court, also concedes that those facts are accurate.

Hence, because plaintiff was convicted in Wisconsin of second degree sexual assault, a crime enumerated in § 16–11–309(2)(a)(I), and because he possessed and threatened the use of a weapon during the commission of that offense, he was convicted of a crime of violence as that term is defined in § 16–11–309(2)(a)(I).

Accordingly, the trial court properly concluded that plaintiff shall not be eligible for parole until he has served 75 percent of his Colorado sentence. *See McKinney v. Kautzky,* 801 P.2d 508 (Colo.1990) (eligibility for community corrections dependent upon conviction under violent offender statute even though defendant not sentenced thereunder).

Judgment affirmed.

PIERCE and NEY, JJ., concur.