**Paul L. MARTINEZ, Petitioner–Appellant,**

v.

**COLORADO STATE BOARD OF PAROLE, Respondent–Appellee.**

No. 98CA1816.

Colorado Court of Appeals, Div. I.

Sept. 30, 1999.

Paul L. Martinez, Pro Se.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, Paul S. Sanzo, First Assistant Attorney General, Denver, Colorado, for Respondent–Appellee.

Opinion by Judge METZGER.

Petitioner, Paul L. Martinez, appeals the trial court order denying his petition for a writ of mandamus pursuant to C.R.C.P. 106(a)(2). We affirm.

Petitioner is serving a life sentence in the Colorado Department of Corrections for a 1978 conviction of murder in the first degree that was committed in 1975. He became eligible for parole in May 1992. After denying his requests for parole on several occasions, in June 1995, the Colorado Parole Board (the Board) determined it would not consider another request from petitioner until June 1998.

Petitioner filed a petition for a writ of mandamus under C.R.C.P. 106(a)(2) seeking an order that the Board could not defer his parole reconsideration for three years and that it was required to consider him for parole on a yearly basis. The trial court denied his petition, and this appeal followed.

I.

Petitioner first contends the trial court erred in ruling that, because he had been convicted of a crime of violence, § 17–22.5–403(5), C.R.S.1999, applied to his request for parole reconsideration. We agree with the trial court.

■ Our primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly. *Charnes v. Boom*, 766 P.2d 665 (Colo.1988). To discern legislative intent, we should look first to the statutory language. *See People v. Warner*, 801 P.2d 1187 (Colo.1990).

Section 17–22.5–403(5) provides:

For any offender who is incarcerated for an offense committed prior to July 1, 1993 ... the state board of parole ... shall determine whether or not to grant parole.... [I]f the inmate applying for parole was convicted of a class 1 or class 2 crime of violence, as defined in section 16–11–309, C.R.S .... the board need only reconsider granting parole to such inmate once every three years, until the board grants such inmate parole or until such inmate is discharged pursuant to law.

As defined in § 16–11–309, C.R.S.1999:

(2)(a)(I) 'Crime of violence' means any of the crimes specified in subparagraph (II) of this paragraph (a) committed ... by a person during which ... the person:

. . . .

(B) Caused ... death to any other person except another participant.

(II) Subparagraph (I) of this paragraph (a) applies to the following crimes:

. . . .

(B) Murder....

The reference in § 17–22.5–403(5) to § 16–11–309 is for definitional purposes only, as evidenced by use of the term "as defined in." Because murder is defined as a crime of violence in § 16–11–309(2)(a)(II)(B), the parole procedure in § 17–22.5–403(5) applies to petitioner.

■ We reject petitioner's assertion that, because he was not charged with and convicted of a separate count of "crime of violence" as provided in § 16–11–309(4), C.R.S.1999,

his murder conviction was not for a crime of violence and, therefore, § 17–22.5–403(5) does not apply.

In the first place, § 17–22.5–403(5) does not require proof of conviction of a crime of violence count. Rather, it applies, by its plain language, to an inmate who was convicted of a "crime of violence as defined in § 16–11–309." Thus, the plain language of § 17–22.5–403(5) belies petitioner's assertion. *See People v. Warner, supra.*

Second, this interpretation comports with previous interpretations of § 16–11–309. *See generally Terry v. People,* 977 P.2d 145 (Colo.1999). For example, in *McKinney v. Kautzky,* 801 P.2d 508 (Colo.1990), it was proper to delay referral of an inmate, who had been convicted of an enumerated crime of violence in § 16–11–309 to community corrections under § 17–27–106, C.R.S.1999. This was so even though the inmate had not been convicted of a separate crime of violence count. And, in *Busch v. Gunter,* 870 P.2d 586 (Colo.App.1993), parole eligibility was correctly delayed for an inmate who had sustained a conviction in Wisconsin of a crime of violence as enumerated in § 16–11–309, but who had not been convicted of a separate count of crime of violence.

Third, we view petitioner's reliance on the decision in *People v. Thrower,* 670 P.2d 1251 (Colo.App.1983) to be misplaced. That opinion holds that a defendant must be convicted of a separate count of "crime of violence" before his or her sentence can be enhanced. But, petitioner's sentence is unaffected by the application of § 17–22.5–403(5); that statute's only impact on petitioner is an alteration of his meeting schedule with the parole board. Thus, the *Thrower* holding is irrelevant to petitioner's situation.

Consequently, we hold that petitioner's conviction of first degree murder is a conviction of a crime of violence as enumerated in § 16–11–309. Accordingly, the provisions of § 17–22.5–403(5) apply to him.

## II.

We reject petitioner's contention that application of the triennial review authorized in § 17–22.5–403(5) violates the *ex post facto* clauses in U.S. Const. art. I, § 9 and in Colo. Const. art. II, § 11.

The decision in *California Department of Corrections v. Morales,* 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995), rejecting a substantially similar challenge to a substantially similar statute, is dispositive of petitioner's argument based on the *ex post facto* clause of the United States Constitution. And, the decision in *Furnari v. Zavaras,* 914 P.2d 508 (Colo.App.1996), which rejected a substantially similar challenge to the identical statute, is dispositive of petitioner's argument based on the *ex post facto* clause of the Colorado Constitution.

Because there was no violation of the *ex post facto* clauses and because the Board acted within its discretion in deferring reconsideration of petitioner's request for parole, petitioner had no right to mandamus relief, and the trial court did not err in denying the petition.

The order is affirmed.

Judge CRISWELL and Judge DAVIDSON concur.