25CA1124 Martinez v CDOC 05-21-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1124
El Paso County District Court No. 25CV50
Honorable Amanda Philipps, Judge

---

Samuel V. Martinez,

Plaintiff-Appellant,

v.

Colorado Department of Corrections, Time Computation Department,

Defendant-Appellee.

---

JUDGMENT AFFIRMED

Division VII
Opinion by JUDGE GOMEZ
Pawar and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 21, 2026

---

Samuel V. Martinez, Pro Se

Philip J. Weiser, Attorney General, Katherine Fredericks, Assistant Attorney General, Alexandra Lopez, Assistant Attorney General, Denver, Colorado, for Defendant-Appellee

¶ 1   Following his conviction for aggravated robbery, plaintiff, Samuel V. Martinez, was sentenced to sixty-four years in the custody of defendant, the Colorado Department of Corrections (CDOC). The CDOC determined, pursuant to the parole eligibility statute, § 17-22.5-403, C.R.S. 2025, that Martinez would be eligible for parole after he had served 75% of his sentence and that, because he'd previously been convicted of a crime of violence, he was ineligible for earned time credits to reduce the length of time before he would be parole eligible.

¶ 2   Martinez filed this declaratory judgment action, challenging the calculation of his parole eligibility date and asserting that the parole eligibility statute is unconstitutionally vague. The CDOC filed a C.R.C.P. 12(b)(5) motion to dismiss for failure to state a claim, which the district court granted.

¶ 3   Martinez appeals the dismissal, reasserting his arguments that the CDOC erroneously calculated his parole eligibility date and that the parole eligibility statute is unconstitutionally vague. We reject his arguments and affirm the judgment.

## I.    Background

¶ 4    Martinez, an inmate in the custody of the CDOC, is serving a sixty-four-year habitual sentence for an aggravated robbery he committed in 2007.

¶ 5    In calculating Martinez's parole eligibility date, the CDOC applied a provision of the parole eligibility statute that requires offenders who committed certain crimes, like aggravated robbery, to serve 75% of their sentence before becoming parole eligible.  It also applied a provision of the statute that precludes such offenders from applying earned time credit to move up their parole eligibility date if they were previously convicted of a crime that would qualify as a crime of violence.

¶ 6    In 2023, Governor Jared Polis granted a limited commutation of Martinez's sentence, making Martinez eligible for parole on January 15, 2027 but not in any way affecting the underlying sentence.  Colo. Exec. Order No. C 2023 027 (Dec. 22, 2023).[1] Afterward, the CDOC determined that, due to Martinez's aggravated

---

[1] Courts may take judicial notice of public records and may consider those records in assessing a motion brought under C.R.C.P. 12(b)(5).  *See Walker v. Van Laningham,* 148 P.3d 391, 397-98 (Colo. App. 2006).

robbery conviction in the underlying case, as well as an aggravated robbery conviction from 1985, he was not eligible to apply earned time credit to become parole eligible before January 15, 2027.

¶ 7 Martinez filed the complaint in this case, seeking a declaratory judgment that (1) the CDOC miscalculated his parole eligibility date and (2) the parole eligibility statute is unconstitutionally vague. The CDOC filed a motion to dismiss under Rule 12(b)(5), arguing that Martinez failed to state a claim for relief, his parole eligibility date was properly calculated, and the parole eligibility statute is not unconstitutionally vague. The district court agreed with the CDOC and granted its motion to dismiss. This appeal followed.

## II. Standard of Review

¶ 8 We review de novo a district court's order granting a motion to dismiss under Rule 12(b)(5). *Miller v. Crested Butte, LLC*, 2024 CO 30, ¶ 21. In doing so, "we apply the same standards as the district court, and we accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff." *Id.* Like the district court, we consider only the facts alleged in the complaint, documents attached as exhibits to or referenced in the complaint, and matters of which we may take judicial notice.

*802 E. Cooper, LLC v. Z-GKids, LLC*, 2023 COA 48, ¶ 12.  Reviewing those materials, we consider whether the plaintiff alleged sufficient facts that, if taken as true, show plausible grounds to support a claim for relief.  *Jagged Peak Energy Inc. v. Okla. Police Pension & Ret. Sys.*, 2022 CO 54, ¶ 25.

¶ 9 We also review de novo a district court's interpretation of a statute.  *Nieto v. Clark's Mkt., Inc.*, 2021 CO 48, ¶ 12.  Our primary goal in interpreting a statute is to ascertain and effectuate the General Assembly's intent, which we do by applying the plain and ordinary meaning of the statutory language.  *Bakes v. Denv. Health & Hosp. Auth.*, 2025 COA 47, ¶ 6.  Where statutory language is unambiguous, "we apply its plain and ordinary meaning and look no further."  *Butler v. Bd. of Cnty. Comm'rs*, 2021 COA 32, ¶ 10.

¶ 10 Although we liberally construe arguments advanced by self-represented parties like Martinez, *see Al-Hamim v. Star Hearthstone, LLC*, 2024 COA 128, ¶ 11, a self-represented party still must comply with the same procedural rules that apply to parties represented by counsel, *see Adams v. Sagee*, 2017 COA 133, ¶ 10.

## III. Discussion

¶ 11     We first address Martinez's challenge to the calculation of his parole eligibility date and then address his constitutional argument.

### A. Calculation of Parole Eligibility Date

¶ 12     Under the parole eligibility statute, offenders are generally eligible for parole after serving 50% of their sentence, less any earned time credit.  § 17-22.5-403(1).  However, under subsection (2.5)(a) of the statute, offenders convicted of certain crimes, including aggravated robbery, committed between July 1, 2004 and December 31, 2024 are not eligible for parole until they have served 75% of the sentence, less any earned time credit.  § 17-22.5-403(2.5)(a).  And under subsection (3.5)(a), offenders convicted of certain crimes, including aggravated robbery, committed on or after July 1, 2004 "who ha[ve] previously been convicted for a crime which would have been a crime of violence as defined in section 18-1.3-406," C.R.S. 2025, also must serve 75% of their sentence and are not eligible to apply earned time credit to move up their parole eligibility date.  § 17-22.5-403(3.5)(a) ("Section 17-22.5-402(2)[, C.R.S. 2025,] shall not apply to any such offender."); *see also* § 17-22.5-402(2) ("[T]he full term for which an inmate is sentenced

5

shall be reduced by any . . . earned time granted . . . , except as provided in section 17-22.5-403(3) and (3.5).").

¶ 13    Martinez contends that his parole eligibility date should have been calculated under subsection (1) of the statute rather than subsection (2.5)(a) or (3.5)(a).  In doing so, he challenges the CDOC's treatment of both his current conviction based on the 2007 offense and his prior 1985 conviction.  We consider each in turn.

### 1.    The Current Conviction

¶ 14    We first consider — and reject — Martinez's argument that the CDOC shouldn't have applied subsection (2.5)(a) or (3.5)(a) of the parole eligibility statute because his current conviction, stemming from the 2007 aggravated robbery, was not a crime of violence.  This argument is misplaced for two reasons.

¶ 15    First, aggravated robbery is included in a list of offenses that require application of subsection (2.5)(a) or (3.5)(a), not subsection (1).  *See, e.g.*, § 17-22.5-403(2.5)(a) ("*Notwithstanding subsection (1) of this section . . . .*" (emphasis added)).  And neither subsection (2.5) nor subsection (3.5) includes any requirement that the offense be a crime of violence.  *See* § 17-22.5-403(2.5), (3.5).  Indeed, neither subsection makes any reference to crimes of violence except

with respect to prior offenses. *See* § 17-22.5-403(2.5)(b) (stating that the provisions of subsection (2.5)(a) apply only if the offender was convicted of a class 2 or 3 felony offense or was convicted of a class 4 or 5 felony offense and "has previously been convicted of a crime of violence"); § 17-22.5-403(3.5)(a) (stating that the provisions of that subsection apply only if the offender "has previously been convicted for a crime which would have been a crime of violence"); § 17-22.5-403(3.5)(b) (stating that the provisions of subsection (3.5)(a) apply only if the offender was convicted of a class 2 or 3 felony offense or was convicted of a class 4 or 5 felony offense and "has twice previously been convicted of a crime of violence").

¶ 16    Thus, irrespective of whether the 2007 offense was a crime of violence, subsection (2.5)(a) or subsection (3.5)(a) applies, requiring Martinez to serve 75% of his sentence, except to the extent that the governor's limited commutation makes him eligible for parole earlier.  We reject Martinez's alternate interpretation of the statute — which would restrict application of subsections (2.5)(a) and (3.5)(a) to current offenses that were found to be crimes of violence — because it doesn't comport with the plain language.  *See Bakes*, ¶ 6; *Butler*, ¶ 10; *see also Yen, LLC v. Jefferson Cnty. Bd. of*

7

*Comm'rs*, 2021 COA 107, ¶ 32 ("Absent express supreme court direction to the contrary, which does not exist here, we will not construe a statute contrary to its plain language.").

¶ 17　Second, the question whether subsection (3.5)(a), rather than subsection (2.5)(a), applies and renders Martinez ineligible for earned time credit is based on whether the prior offense leading to the 1985 conviction — not the current 2007 offense — was a crime of violence. *See* § 17-22.5-403(3.5)(a) (considering whether a person "*has previously been convicted* for a crime which would have been a crime of violence" (emphasis added)). Thus, it is irrelevant whether Martinez's 2007 offense was a crime of violence.

### 2.　The Prior Conviction

¶ 18　We also reject Martinez's arguments regarding the prior 1985 conviction.

¶ 19　Martinez's primary argument as to this conviction is that it is a "nullity" because it was reversed by a division of this court in 1996 or, alternatively, it is "not yet final" because there was never a resolution regarding the legality of his sentence. But the 1996 opinion by a division of this court didn't reverse his conviction; it reversed an order summarily denying his motion to enforce the

sentencing terms of his plea agreement. *See People v. Martinez*, slip op. at 1, 6 (Colo. App. No. 95CA1435, Aug. 29, 1996) (not published pursuant to C.A.R. 35(e)). The docket indicates that after the case was remanded, the postconviction court held a hearing, granted Martinez's motion to enforce the plea agreement, and concluded that he had completed his sentence.[2] The postconviction court's ruling was final, and it affected only his sentence — not the underlying 1985 conviction.

¶ 20    To the extent that Martinez also argues that his 1985 conviction doesn't qualify as a crime of violence, we disagree.

¶ 21    The relevant question under subsection (3.5)(a) is whether Martinez was previously convicted of an offense that "would have been a crime of violence as defined in section 18-1.3-406." § 17-22.5-403(3.5)(a); *see also Outler v. Norton*, 934 P.2d 922, 925-26 (Colo. App. 1997) (interpreting similar language in another subsection of the statute to require only that the offender was previously convicted of a crime that meets the statutory definition of

---

[2] We take judicial notice of the court record in the prior case under CRE 201. *See People v. Sa'ra*, 117 P.3d 51, 56 (Colo. App. 2004) ("A court may take judicial notice of the contents of court records in a related proceeding.").

a crime of violence, not that the offender was convicted of a separate crime of violence count), *overruled on other grounds by, Meredith v. Zavaras*, 954 P.2d 597 (Colo. 1998); *Martinez v. Colo. State Bd. of Parole*, 989 P.2d 256, 257-58 (Colo. App. 1999) (same).

¶ 22    As relevant here, section 18-1.3-406(2)(a)(I)(A), (II)(F) defines a crime of violence to include an aggravated robbery where the offender "[u]sed, or possessed and threatened the use of, a deadly weapon" during the offense or in the immediate flight from it.  To determine whether Martinez's prior conviction falls within this definition, we examine the facts underlying the conviction.  *See Busch v. Gunter*, 870 P.2d 586, 587-88 (Colo. App. 1993).

¶ 23    The record presented to us on appeal contains the original complaint and information filed in the case that led to the 1985 conviction.  That pleading charged Martinez with two counts of aggravated robbery and alleged, as to each of the two victims, that

> SAMUEL V. MARTINEZ . . . did unlawfully, feloniously and knowingly take a thing of value . . . from the person and presence of [the victim], by the use of force, threats and intimidation, and . . . during the act of robbery and immediate flight therefrom, SAMUEL V. MARTINEZ . . . [was] armed with a deadly weapon, to-wit: a GUN, with intent, if resisted, to kill, maim, and wound [the victim], and any

> other person; and . . . during the act of robbery and immediate flight therefrom, SAMUEL V. MARTINEZ . . . , *by the use of force, threats and intimidation with a deadly weapon*, to-wit: a GUN, knowingly put [the victim], and any other person in reasonable fear of death and bodily injury . . . .

(Emphasis added.)

¶ 24     These allegations indicate that Martinez committed an aggravated robbery, *see* § 18-4-302, C.R.S. 2025, and that he possessed and either used or threatened the use of a deadly weapon during the aggravated robbery or in the immediate flight from it, *see* § 18-1-901(3)(e)(I), C.R.S. 2025 ("'Deadly weapon' means . . . [a] firearm, whether loaded or unloaded . . . ."). Thus, the allegations support the CDOC's decision to treat Martinez's prior aggravated robbery conviction as a crime of violence.

¶ 25     As the docket from the prior case confirms, in exchange for the dismissal of some additional charges, Martinez pleaded guilty to two counts of aggravated robbery and two habitual criminal counts. His guilty plea serves as an admission of the alleged facts. *See Allen v. Martin*, 203 P.3d 546, 564 (Colo. App. 2008) ("Once the statutory and procedural requirements have been satisfied, a guilty plea 'is

11

the equivalent of admitting all material facts alleged in the charge.'" (quoting *People v. Flagg*, 18 P.3d 792, 794 (Colo. App. 2000))).

¶ 26 Because the materials presented to the district court in this case supported the CDOC's determination that Martinez's 1985 conviction constituted a crime of violence, and because Martinez's complaint in this case didn't allege any facts or incorporate any documents that would indicate otherwise, the district court did not err in treating the prior offense as a crime of violence. Accordingly, the district court correctly concluded that Martinez could not apply earned time credits to move up his parole eligibility date.

B.     Vagueness Challenge

¶ 27 Martinez also asserts that the parole eligibility statute is unconstitutionally vague. Again, we disagree.

¶ 28 A challenge that a statute is unconstitutionally vague raises an issue of due process. *People v. Moyer*, 670 P.2d 785, 789 (Colo. 1983). A vagueness challenge implicates two due process concerns: (1) statutory language must be clear enough to afford a practical guide for law-abiding behavior; and (2) it must provide sufficient guidance to assure that the statute can be enforced in a consistent and evenhanded manner. *People v. Schoondermark*, 699 P.2d 411,

415-16 (Colo. 1985). The first of these concerns is not at issue here. Thus, the question before us is whether Martinez sufficiently alleged that the parole eligibility statute is so vague that it cannot be enforced by the CDOC in a consistent and evenhanded manner.

¶ 29     Courts have a duty to construe a statute in such a way that it is not void for vagueness whenever a reasonable and practical construction can be given to its language. *People v. Phillips*, 652 P.2d 575, 578 (Colo. 1982). Therefore, a statute will be found unconstitutionally vague only if people of ordinary intelligence must guess at its meaning or differ as to its application. *People v. Gross*, 830 P.2d 933, 937 (Colo. 1992).

¶ 30     Martinez makes two arguments in support of his due process challenge. First, he argues that the language in section 17-22.5-403(3.5)(a) referencing a crime that "would have been a crime of violence as defined in section 18-1.3-406" is unconstitutionally vague. More specifically, he argues that the use of the phrase "would have been" creates a "shapeless statutory provision" and "invites arbitrary application." We disagree. As we have indicated, this language signifies that the statute applies to "a prior conviction that meets the definition of a crime of violence." *Outler*, 934 P.2d at

13

925; *accord Martinez*, 989 P.2d at 257-58.  And as we also indicated, courts can review available documents relating to a prior conviction to determine whether the definition is satisfied.  *See Busch*, 870 P.2d at 587-88.  Martinez doesn't argue that the definition of a crime of violence is itself vague, and the fact that courts might look to different documents to determine whether that definition is met in a particular case doesn't make it "shapeless" or "arbitrary."  Accordingly, we reject this argument.

¶ 31     Second, Martinez relies on *Johnson v. United States*, 576 U.S. 591 (2015), for the proposition that due process requires the use of a "categorical approach" when determining whether an offense is a crime of violence, such that a court must "assess how the law defines the offense and not how an individual might have committed [it]."  He then argues that the CDOC and the courts don't use such a "categorical approach" when assessing potential crimes of violence under the parole eligibility statute.

¶ 32     But Martinez's argument misconstrues the Supreme Court's holding in *Johnson*.  In that case, the Court considered a vagueness challenge to a provision in the Armed Career Criminal Act that increases the penalty for possession of a firearm by a convicted

felon if the person has three or more previous convictions for a violent felony. The language at issue, known as the residual clause and italicized by the Court in the quote below, defines a violent felony as

> any crime punishable by imprisonment for a term exceeding one year . . . that —
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

*Id.* at 594 (quoting 18 U.S.C. § 924(e)(2)(B)).

¶ 33   The Court held that this language was unconstitutionally vague, reasoning that "[d]eciding whether the residual clause covers a crime . . . requires a court to picture the kind of conduct that the crime involves in 'the ordinary case,' and to judge whether that abstraction presents a serious potential risk of physical injury." *Id.* at 596. Thus, the Court explained, the residual clause "leaves grave uncertainty about how to estimate the risk posed by a crime," insofar as it "ties the assessment of risk to a judicially imagined 'ordinary case' of a crime" rather than "to real-world facts or

statutory elements," and it "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony" by applying a standard that is "a judge-imagined abstraction." *Id.* at 597-98.

¶ 34    Although it's not clear whether Martinez is challenging Colorado's crime of violence statute, it's noteworthy that the state statute doesn't suffer from the same flaw as the federal statute. Specifically, the state statute doesn't include a residual clause but instead enumerates what offenses can be crimes of violence and what circumstances render those offenses crimes of violence. § 18-1.3-406(2).  For example, as relevant to this case, subsection (2)(a)(I) specifically designates aggravated robbery as a crime of violence if it is committed with a deadly weapon or causes serious bodily injury or death.  Evaluating whether an offense satisfies this definition relies on real-world facts, as alleged in a criminal complaint, presented to a jury at trial, or developed in a presentence investigation report, rather than hypothetical imagining and, thus, starkly contrasts with the residual clause at issue in *Johnson.  See* 576 U.S. at 596-98.

¶ 35    The "categorical approach" that Martinez insists courts must follow is not, as he suggests, a due process requirement.  Rather, it

16

is a requirement Congress wrote into the Armed Career Criminal Act. Under *that* law, courts must follow the so-called categorical approach in determining whether an offense is a violent felony. *Id.* at 596, 604-05; *see also Taylor v. United States*, 495 U.S. 575, 600 (1990) ("The Courts of Appeals uniformly have held that § 924(e) mandates a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions. We find the reasoning of these cases persuasive." (citations omitted)). But those cases do not hold that due process demands this requirement be read into other laws.

¶ 36　　Martinez failed to allege any facts in his complaint suggesting that the parole eligibility statute is unconstitutionally vague such that people of common intelligence must guess at its meaning or differ as to its application. *See Jagged Peak Energy*, ¶ 25; *Gross*, 830 P.2d at 937. Because the statute provides sufficient guidance to assure that it can be enforced in a consistent and evenhanded manner, we conclude that the district court properly dismissed Martinez's due process challenge. *See Schoondermark*, 699 P.2d at 415-16.

## IV. Disposition

¶ 37    The judgment is affirmed.

JUDGE PAWAR and JUDGE JOHNSON concur.