No. 27234

## The People of the State of Colorado v. Raymond B. Bauer

(552 P.2d 512)

Decided August 3, 1976.

Dale Tooley, District Attorney, Thomas P. Casey, Chief Appellate Deputy, Lucy Marsh Yee, Deputy, for plaintiff-appellant.

Goldsmith, Fleishman & Karet, Ira M. Karet, Chester J. Luby, for defendant-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

■ This is an interlocutory appeal from a district court order suppressing evidence seized from defendant's apartment pursuant to a search warrant. The search had yielded a quantity of drugs for which the defendant was charged with two counts of possession with intent to dispense dangerous drugs. The district court found the search warrant defective because its supporting affidavit failed to state the time of the occurrence of the facts relied upon to establish probable cause. We affirm the ruling of the district court.

The warrant in question was procured by a police officer after an informant told him that he had observed marijuana inside the apartment

where defendant lived. In his affidavit in support of the search warrant, the officer stated that:

"Within the last 24 hours I have received information from a first time informant that he had seen marijuana in the form of bricks wrapped in clear cellophane inside the apartment where a Ray Bauer lived. . . ."

The affidavit then sets forth other observations made by the informant and statements made by the defendant to the informant. However, the affidavit fails to state, or in any way indicate, when the informant was in the defendant's apartment and made the observations he related to the officer.

The district court, in granting the suppression motion, ruled that the affidavit was insufficient to establish probable cause because it did not reveal the time when the informant observed the marijuana bricks in defendant's apartment. The district court reasoned that without such a time reference it was impossible to reach a reasonable conclusion that drugs would be present in the apartment at the time of the search. The People appeal this ruling and assert that the affidavit, though not giving a specific time for the informant's observations, nonetheless, allows for reasonable inferences to be drawn that the observations were recent. We are not persuaded by the People's argument. Far more than just the vague inferences involved here as to when this informant saw what he reported are necessary.

To issue a search warrant, the magistrate must be apprised in detail of sufficient underlying facts and circumstances, reduced to writing under oath, from which he may reasonably conclude that probable cause exists for the issuance of the search warrant. *People v. Brethauer*, 174 Colo. 29, 482 P.2d 369 (1971). Where, as here, an unknown informant's tip constitutes the principal basis for believing that criminal activity is occurring in a certain place, the affidavit must state facts concerning where, how, and when the informant received the information so that the magistrate can independently determine whether reasonable grounds exist to believe that illegal activity is currently being conducted in the place to be searched or that contraband is currently located therein. *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) and *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). In so determining whether an affidavit in support of a search warrant is sufficient, the requirement of stating the place, the time, the observations, must be clearly set forth within the four corners of the affidavit.

In *People v. Padilla*, 182 Colo. 101, 511 P.2d 480 (1973), this court held that an affidavit failed to establish probable cause because it did not state a time reference within which certain alleged narcotic sales occurred, which sales were the basis of the affiant's belief that drugs were currently in the place to be searched. Under the facts of *Padilla*, we reasoned that the sales could have been so remote as to be of no support for a reasonable conclusion that narcotics were then present in the car to be searched. *See*

*also* Annot., 100 A.L.R. 2d 523 § 3.

The People also contend that the recentness of the informant's observations is revealed in the statements of the affiant that he wanted the warrant to issue immediately and that an assumption may be indulged that an officer would act immediately on an informant's tip. An issuing magistrate may not rely on an affiant's unexplained belief that an urgency exists or on any assumption of immediacy. Moreover, even if the assumption is accepted that police quickly respond to a tip, there is still no assurance that the information received from the informant is current.

The district court properly granted the suppression motion on its finding that the affidavit failed to sufficiently state facts from which a conclusion could be made that probable cause existed for the issuance of the search warrant.

Ruling affirmed.