MR. JUSTICE GROVES
delivered the opinion of the Court.
The Colorado Court of Appeals affirmed the Denver Probate Court in part and reversed in part as to matters of will construction. 37 Colo. App. 468, 552 P.2d 514. We granted certiorari and now affirm in part and reverse in part, by directing affirmance of the probate court judgment.
Edwin E. Hillmeyer died testate on June 23, 1964. His will was admitted to probate and the petitioner, The Colorado National Bank of Denver, was appointed executor thereunder. Hillmeyer’s widow died on December 28, 1970. On February 10, 1971 the Hillmeyer estate was closed and the executor discharged. The respondent Norma L. Comstock, as executrix of the estate of the widow, brought an action in the probate court on October 27, 1972 seeking damages for misconstruction of the will and mismanagement of the estate. Under agreement of the parties the issues were separated, and those relating to construction of the will were tried first and are here now.
Article FOURTH of the will of Mr. Hillmeyer provides in part:
“All the rest and residue of my estate, real, personal and mixed, of whatsoever kind and wheresoever situate, herein called the remainder of my estate, I give, devise and bequeath as follows:
“A. In the event that my wife, Eva Hillmeyer, survives me, I give, devise and bequeath one-half of said remainder of my estate, less the aggregate value of property or interest in property, including proceeds of insurance, passing at my death from me to my wife other than by the terms of this paragraph of my will, but only to the extent that said property is includi-ble in my gross estate and deductible therefrom as a marital deduction for Federal estate tax purposes, to my Trustee hereinafter named, as my First Trust hereunder. . . .
*30 “B. I direct that all estate, inheritance and succession taxes . . . shall be paid out of that part of the remainder of my estate existing after the creation of my First Trust provided for hereinbefore; and all property of my First Trust shall be free and cleár of such death taxes and no such taxes shall reduce my First Trust. . . .
“C. I give, devise and bequeath the remainder of my estate, after there has been deducted therefrom the properties and amounts necessary to create my First Trust, to my Trustee hereinafter named, as my Second Trust hereunder. . . .”
After trial the Denver Probate Court entered the following conclusions of Law:
“3. The language of the Will does not evidence an intention on the part of the testator to create a full maximum marital deduction. * * * *
“5. There is no specific provision in the Will for payment of administration expenses and they are therefore chargeable against the residue.
“6. The portion of the estate disposed of by Paragraph Fourth of the Will is the residue and is chargeable with the expenses of administration.”
Since all issues were resolved in favor of the bank, it was not necessary for the trial court to consider the bank’s affirmative defenses of res judicata, waiver, and statutes of limitation.
The balance of the estate was to be divided into two shares by means of the formula inherent in article FOURTH. The probate court ruled that the amount passing to the First Trust should be calculated by subtracting from one-half the remainder of the probate estate the value of those non-probate assets which passed to the widow and qualified for the marital deduction.
The court of appeals affirmed the last mentioned ruling. It, however, reversed the probate court’s conclusion of law numbered 6 and held that the “residue” was not the entire article FOURTH, but rather consisted only of that passing under FOURTH C. Thus the entire administrative expense was chargeable against the Second Trust. The court of appeals also found that res judicata was not a bar to a judgment against the defendant Bank.
I.
For the reasons assigned by the probate court and court of appeals, we affirm the ruling as to the division into the share passing under FOURTH A.
II.
Unless otherwise provided in the will, expenses of administration are paid from property passing under-the residuary provisions of the will. 1963 C.R.S., 153-14-17, which was in effect at the time involved here.
When we consider the will in its entirety we affirm the trial court’s conclusion that, for purposes of paying administrative expenses, the *31 entire article FOURTH is the residue. We list only a few of the various implications inherent in the language which lead us to this conclusion.
First, the testator’s declaration in the preface of article FOURTH, “All the rest and residue . . . herein called the remainder ... I give, devise and bequeath as follows:” creates an initial implication that he intends both the following dispositions to be residue.
Second, the absence in article FOURTH B of any direction that only the FOURTH C trust should bear admistrative expenses partially negates such an intent. If the testator had such an intent he could have easily and naturally expressed it in FOURTH B while he was so doing as to the tax burden. In addition, if the testator had intended paragraph FOURTH C to be the residue then paragraph FOURTH B would be surplusage, since as residue FOURTH C would bear the tax burden if the will were otherwise silent.
Finally, article FOURTH evidences an overall intent to divide the balance of the estate into two shares by means of the formula expressed therein. Given this intent to divide the balance into two shares we must assume the testator wished those shares treated similarly unless otherwise expressly stated. This is borne out by the testator’s express statement placing only the tax burden on the second share.
We affirm the judgment of the trial court in its entirety and the court of appeals as to the will construction issues other than that just discussed. We need not and do not reach the res judicata issue.
The court of appeals opinion is affirmed in part and reversed in part and the cause returned to it for remand with directions to affirm the probate court.
MR. JUSTICE ERICKSON concurs in the result.
MR. JUSTICE LEE does not participate.