[No. 85746-6. En Banc.]
Argued January 26, 2012. Decided April 26, 2012.

THE STATE OF WASHINGTON, *Respondent*, v. PATRICK JIMI LYONS, *Petitioner*.

356

*John A. Moore Jr.*, for petitioner.

*James P. Hagarty, Prosecuting Attorney*, and *Kevin G. Eilmes, Deputy*, for respondent.

*Tom P. Conom* on behalf of Washington Association of Criminal Defense Lawyers, amicus curiae.

¶1 WIGGINS, J. — Police executed a search warrant and arrested Patrick Jimi Lyons when they found a marijuana growing operation on his property. Probable cause for the search warrant was based solely on information from a confidential source. The affidavit for search warrant did not establish timely probable cause because it stated when the officer received the tip, not when the informant observed the criminal activity. Accordingly, the search warrant did not satisfy the requirements of the Washington State Constitution article I, section 7, and the trial court properly suppressed evidence obtained in the search.

## FACTS

¶2 A Yakima District Court judge issued a search warrant for Lyons' property, based on an affidavit by Yakima Police Department Officer Gary Garza. Officer Garza made the following statement of probable cause in the affidavit:

Within the last 48 hours a reliable and confidential source of information (CS) contacted [narcotics] Detectives and stated

he/she observed narcotics, specifically marijuana, being grown indoors at the listed address. The CS knows the suspect and homeowner as "Jimmy". The CS observed the growing marijuana while inside an outbuilding on the property of the listed residence. The CS observed the marijuana growing in potted soil under active lighting designed to promote plant growth. . . .

Clerk's Papers (CP) at 60. When they executed the search warrant, police discovered more than 200 mature marijuana plants maintained in a pole barn on Lyons' property. On the property police also found small, juvenile marijuana plants, supplies for packaging marijuana, and a large quantity of mushrooms. Lyons was arrested and charged with manufacturing marijuana, possession of mushrooms with intent to deliver, and possession of marijuana with intent to deliver.

¶3 Lyons moved to suppress the evidence seized from his property, arguing that the affidavit for search warrant failed to state timely probable cause. The superior court judge found that although the affidavit identified when the officer received the CS's information, it "said nothing about the timing of the informant's observation." CP at 5 (Findings of Fact, Conclusions of Law and Order Granting Def.'s Mot. to Suppress (FFCL), Finding of Fact ¶ 4). The judge held that the affidavit was legally insufficient and the search unlawful and granted Lyons' motion to suppress. FFCL, Conclusion of Law ¶¶ 1-2). The State appealed.

¶4 In a two-judge majority opinion, the Court of Appeals reversed the trial court. *State v. Lyons*, 160 Wn. App. 100, 102, 247 P.3d 797, *review granted*, 172 Wn.2d 1013, 259 P.3d 1110 (2011). The majority held that the language in Officer Garza's affidavit, "[w]ithin the last 48 hours," could be read either to apply solely to when the CS contacted police or to apply both to the time of contact and of the CS's observations. *Id.* at 106-07. The majority went on to hold the standard of review required the language be read to support the warrant. *Id.* The dissenting judge called this analysis a strained and unnatural reading. *Id.* at 108-09

(Siddoway, J., dissenting). We agree with Judge Siddoway's dissent.

## ANALYSIS

### I. The Fourth Amendment and Article I, Section 7

■ ■ ¶5 Fundamental principles set the stage for our analysis. A search warrant shall issue only on probable cause. U.S. CONST. amend. IV; WASH. CONST. art. I, § 7. The warrant must be supported by an affidavit that particularly identifies the place to be searched and items to be seized. *Id.* To establish probable cause, the affidavit must set forth sufficient facts to convince a reasonable person of the probability the defendant is engaged in criminal activity and that evidence of criminal activity can be found at the place to be searched. *State v. Maddox*, 152 Wn.2d 499, 509, 98 P.3d 1199 (2004). Even though the affidavit may be based on an unidentified informant's tip, the affidavit must contain some of the underlying circumstances that led the informant to believe that evidence could be found at the specified location. *Aguilar v. Texas*, 378 U.S. 108, 114, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964).[1] In particular, the affidavit must set forth the underlying circumstances specifically enough that the magistrate can independently judge the validity of both the affiant's and informant's conclusions.[2] *Spinelli v. United States*, 393 U.S. 410, 413, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969).

---

[1] The United States Supreme Court has abandoned the *Aguilar/Spinelli* standard, adopting instead a totality of the circumstances approach. *Illinois v. Gates*, 462 U.S. 213, 230-31, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). However, the broad language of article I, section 7 is more protective than the Fourth Amendment to the United States Constitution. *State v. Jackson*, 150 Wn.2d 251, 259, 76 P.3d 217 (2003) (*Jackson* II). Accordingly, we still adhere to the *Aguilar/Spinelli* standard for establishing probable cause via a confidential informant. *State v. Jackson*, 102 Wn.2d 432, 443, 688 P.2d 136 (1984) (*Jackson* I).

[2] The *Aguilar/Spinelli* test has two prongs that must be evaluated independently: basis of knowledge (stated above) and veracity. *Jackson* I, 102 Wn.2d at 437-38. Under the veracity prong, the affidavit must set out sufficient information regarding the informant's reliability. *State v. Fisher*, 96 Wn.2d 962, 965, 639 P.2d 743 (1982). Lyons has not challenged the affidavit on the veracity prong and the

■ ■ ¶6 The requirement that a magistrate issue a search warrant is based on another fundamental principle: the determination of probable cause must be made by a magistrate based on the facts presented to the magistrate, instead of being made by police officers in the field. As the United States Supreme Court has explained:

> The reasons for this rule go to the foundations of the Fourth Amendment. . . .
>
> "The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime."

*Aguilar*, 378 U.S. at 111 (quoting *Johnson v. United States*, 333 U.S. 10, 13-14, 68 S. Ct. 367, 92 L. Ed. 436 (1948)). The facts set forth in the affidavit must support the conclusion that the evidence is probably at the premises to be searched at the time the warrant is issued. *State v. Partin*, 88 Wn.2d 899, 903, 567 P.2d 1136 (1977). We evaluate an affidavit "in a commonsense manner, rather than hypertechnically, and any doubts are resolved in favor of the warrant." *State v. Jackson*, 150 Wn.2d 251, 265, 76 P.3d 217 (2003) (*Jackson* II). However, "the [reviewing] court must still insist that the magistrate perform his 'neutral and detached' function and not serve merely as a rubber stamp for the police." *Aguilar*, 378 U.S. at 111 (quoting *Johnson*, 333 U.S. at 13-14).

II. Determining when a Warrant Is Based on Stale Information

■ ¶7 Of course, some time passes between the officer's or informant's observations of criminal activity and the presentation of the affidavit to the magistrate. The magistrate must decide whether the passage of time is so pro-

---

affidavit appears to set out sufficient details of Officer Garza's experience with the confidential source to satisfy this requirement.

longed that it is no longer probable that a search will reveal criminal activity or evidence, i.e., that the information is stale. The magistrate makes this determination based on the circumstances of each case. *Sgro v. United States*, 287 U.S. 206, 210-11, 53 S. Ct. 138, 77 L. Ed. 260 (1932). Among the factors for assessing staleness are the time between the known criminal activity and the nature and scope of the suspected activity. *See, e.g., Andresen v. Maryland*, 427 U.S. 463, 478 n.9, 96 S. Ct. 2737, 49 L. Ed. 2d 627 (1976); *State v. Petty*, 48 Wn. App. 615, 621, 740 P.2d 879 (1987). In the context of a marijuana growing operation, probable cause might still exist despite the passage of a substantial amount of time. *See, e.g., State v. Payne*, 54 Wn. App. 240, 246, 773 P.2d 122 (1989) ("[a] marijuana grow operation is hardly a 'now you see it, now you don't' event"); *State v. Hall*, 53 Wn. App. 296, 299-300, 766 P.2d 512 (1989) (two months between the date of the informant's observations and issuance of the warrant not too long).

¶8 It should go without saying that the magistrate cannot determine whether observations recited in the affidavit are stale unless the magistrate knows the date of those observations. Federal courts have found two separate statements of time to be important in determining staleness: (1) when the affiant received the tip and (2) when the informant observed the criminal activity. *See Rosencranz v. United States*, 356 F.2d 310, 315 (1st Cir. 1966) (absence of any averment on either time frame a "serious defect" in the affidavit). Commentators have identified the second time frame as the critical one: the time of the facts relied on to establish probable cause. *See* 2 WAYNE R. LaFAVE, SEARCH AND SEIZURE: A TREATISE ON THE FOURTH AMENDMENT § 3.7(b) at 391 n.67 (4th ed. 2004); *see also Partin*, 88 Wn.2d at 904 ("the *underlying facts* alleged must be current" (emphasis added)); *Payne*, 54 Wn. App. at 246 (evaluating the time between the informant's observations and issuance of the warrant); *Hall*, 53 Wn. App. at 299-300 (same).

¶9 An affidavit lacking the timing of the necessary observations might still be sufficient if the magistrate can

infer recency from other facts and circumstances in the affidavit. 2 LaFave, *supra*, at 393-94 (undated facts may be factually interrelated with other dated information in the affidavit); *see also Maddox*, 152 Wn.2d at 509 ("In determining probable cause, the magistrate makes a practical commonsense decision, taking into account all the circumstances set forth in the affidavit and drawing commonsense inferences."). However, without such additional facts from which to draw an inference of recency, the affidavit does not provide a magistrate a basis to find probable cause that a crime is now occurring. 2 LaFave, *supra*, at 392 (" 'It is one thing to expect the magistrate to give a commonsense reading to facts set forth and to draw inferences from them. It is quite another thing to expect the magistrate to reach for external facts and to build inference upon inference in order to create a reasonable basis for his belief that a crime is *presently* being committed.' " (quoting *Commonwealth v. Simmons*, 450 Pa. 624, 631, 301 A.2d 819 (1973))).

III.  The *Lyons* Affidavit Did Not Provide the Magistrate Facts from Which To Infer Recency as to the CS's Observation

¶10  We must decide whether the magistrate had enough information to find probable cause that evidence of a marijuana growing operation would still be found on Lyons' property. Did Officer Garza's phrase "[w]ithin the last 48 hours" refer solely to when he received the tip or also to when the informant observed the marijuana growing? The State urges us to defer to the issuing magistrate. Further, the State argues that the commonsense reading of the affidavit reveals that "[w]ithin the last 48 hours" refers to both the timing of the tip and the informant's observations and any other reading is "hypertechnical." But establishing probable cause is not hypertechnical; it is a fundamental constitutional requirement and an ancient guaranty of the sanctity of the home.

¶11  While we give great deference to the magistrate, that deference is not unlimited. *See United States v. Leon*,

468 U.S. 897, 915, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984). We cannot defer to the magistrate where the affidavit does not provide a substantial basis for determining probable cause. *See id.* We do permit magistrates to make inferences from the facts stated in the affidavit. *Maddox,* 152 Wn.2d at 509. However, this affidavit provides no facts to support an inference of recency.

### A. A commonsense reading of the affidavit

■■ ¶12 Officer Garza's affidavit recites, "Within the last 48 hours a reliable and confidential source of information (CS) contacted [narcotics] Detectives and stated he/she observed narcotics, specifically marijuana, being grown indoors at the listed address." CP at 60. We agree with the Court of Appeals majority that this language "does not clearly state the time between the informant's observations and the filing of the affidavit." *Lyons,* 160 Wn. App. at 106. The State argues that the affidavit must be interpreted to mean that the CS both observed and reported marijuana being grown within the stated 48 hour period and that any other reading is hypertechnical. We disagree. This one key sentence relates three separate actions: the CS observed marijuana being grown, the CS contacted the detectives, and the CS reported the observation. There was necessarily a time gap between the observation and the contact with the detectives. But the affidavit gives only one time reference. It is impossible for a neutral magistrate to determine how much time passed between observation and the contact and report. The magistrate, not the detectives, must conclude from the affidavit the existence of probable cause to search, but the time element is simply missing. This natural, commonsense reading of the affidavit reveals that the CS contacted detectives and relayed the tip within the last 48 hours but reveals nothing about when the CS observed marijuana growing. The State urges that Officer Garza's statement in the affidavit supports an inference that the CS's observation was contemporaneous with the tip. But an

inference alone does not provide a substantial basis for determining probable cause.

B. *Partin* did not correctly apply the *Aguilar/Spinelli* principles when it found timely probable cause

¶13 The State relies on *Partin*,[3] in which the affidavit in support of the search warrant read:

"Based upon information received [the same day the affidavit was signed] from a reliable informant affiant has reasonable cause to believe that controlled substances are in the possession of Arthur Partin and other members of the Chosen Wheels Motorcycle club located at 221 E. Oak St. and [in] other vehicles located at that residence."

88 Wn.2d at 902-03. In addition, the officer made the following oral statement to the magistrate:

"Your Honor, based upon information I received on this date, 1-3-75, from a reliable informant, I have reason to believe that marijuana is being kept in the residence of 221 East Oak Street. This is the home of Arthur Partin, also the gathering place for members of the Chosen Wheels Motorcycle Club."

*Id.* at 903. As the State points out, the *Partin* court upheld the validity of the warrant despite the fact that the affidavit failed to recite the date on which the reliable informant made observations justifying the affiant officer in concluding that controlled substances were presently in the possession of the defendant.

¶14 This holding in *Partin* was incorrect. In *Partin*, we acknowledged that "the underlying facts alleged must be

---

[3] The State also cites a number of cases in which the affidavit provided sufficient additional facts to overcome staleness problems. However, these cases are inapposite because the affidavit in each clearly related when the informant observed drug activity. *Payne*, 54 Wn. App. at 242 (informant observed marijuana plants in the residence within three weeks of the date informant contacted police); *Hall*, 53 Wn. App. at 299-300 (informant had observed marijuana growing at the defendant's house two months before the warrant was issued); *State v. Smith*, 39 Wn. App. 642, 644, 694 P.2d 660 (1984) (affidavit stated that informant had seen marijuana plants growing at the defendant's property two months and one month prior to the application for a warrant).

current, not remote in time, and sufficient to justify a magistrate's conclusion that the property sought is probably on the person or premises to be searched at the time he issues the warrant." 88 Wn.2d at 904. There the "underlying fact[ ]" was that the informant had observed marijuana in Partin's house. *Id.* at 903. But we went on to say that the very recent timing of the informant's report to the officer, coupled with the officer's belief that marijuana could currently be found at Partin's house based on that report, gave the magistrate "a reference point by which to determine the current status of the information." *Id.* at 905. We failed to note that the only detail that tied the recency of the informant's report to the recency of the informant's observation was the officer's bare statement, " 'I have reason to believe that marijuana is being kept . . . at the home of Arthur Partin.' " *Id.* at 903. It is well established that probable cause must be based on more than purely conclusory statements of the affiant's or informant's belief that probable cause exists. *See United States v. Ventresca*, 380 U.S. 102, 108-09, 85 S. Ct. 741, 13 L. Ed. 2d 684 (1965). Accordingly, we now disapprove *Partin*'s conclusion that the timing of the unidentified informant's tip provided the magistrate a reference point from which to infer sufficient recency of the information. We will no longer follow *Partin* to the extent that it stands for the conclusion that timely probable cause may be supported by the recency of the tip alone.

C.  Other jurisdictions have reached similar conclusions when reviewing similar language

¶15  The State correctly concedes that other jurisdictions have found "unambiguously deficient" language very similar to the affidavit in this case. *E.g., Nelms v. State*, 568 So. 2d 384 (Ala. Crim. App. 1990); *People v. Bauer*, 191 Colo. 331, 552 P.2d 512 (1976). In *Nelms*, the Alabama Court of Criminal Appeals evaluated a search warrant based on the following affidavit:

> *That within the last seventy-two hours a confidential police informant,* who has provided information to the affiant in the past that led to an arrest, *stated to the affiant that they have seen Crack-Cocaine in the residence of* [*the defendant*] . . . .

568 So. 2d at 385. The *Nelms* court held, similarly to the trial court in this case, that

> [t]he affidavit in this case is deficient because it does not state when the drugs were seen by the informant at the appellant's residence. The words "within the last seventy-two hours" refer to when the informant told this information to the affiant . . . .

*Id.* at 386; *see* CP at 5-6.

¶16 Similarly, in *Bauer*, the Supreme Court of Colorado considered an affidavit that recited that " '[w]ithin the last 24 hours I have received information from a first time informant that he had seen marijuana in the form of bricks wrapped in clear cellophane inside [defendant's apartment],' " finding it insufficient because it "did not reveal the time when the informant observed the marijuana bricks in defendant's apartment." 191 Colo. at 333. The *Bauer* court rejected the State's argument that the affidavit supported the inference that the informant's observations were recent. *Id.* ("Far more than just the vague inferences involved here as to when this informant saw what he reported are necessary.").

¶17 The State attempts to distinguish the affidavit in this case from the affidavits in *Nelms* and *Bauer* on the ground that the officers in Alabama and Colorado used the past tense while Officer Garza recited that the confidential source "stated he/she observed . . . ." *See* State's Resp. to Amicus Curiae Br. at 5. This is no distinction at all because the observations in this case were also in the past tense. In

any event, Professor LaFave cautions against overemphasizing verb tense. 2 LaFave, *supra*, at 396-97.[4]

¶18 *Nelms* and *Bauer* are not isolated cases. The Alabama Court of Criminal Appeals followed *Nelms* in *Lewis v. State*, 589 So. 2d 758, 759 (Ala. Crim. App. 1991) (holding that a nearly identically worded affidavit did not state when the informant observed drugs on the premises). The Alabama Supreme Court later approved *Nelms* and *Lewis* in *Ex parte Green*, 15 So. 3d 489, 494-95 (Ala. 2008). Similarly, the Florida District Court of Appeals held that an affidavit that "states only that the affiant received information from the confidential informant within the past ten days" gave no indication of when the informant had observed marijuana in the defendant's house. *Orr v. State*, 382 So. 2d 860, 861 (Fla. Dist. Ct. App. 1980). The same court later followed *Orr* in *King v. State*, 410 So. 2d 586, 587 (Fla. Dist. Ct. App. 1982) (noting that courts have disapproved of search warrants "where affidavits to search warrants indicate merely that the police and the informant met or conferred within a certain given period of time"). And the Florida Supreme Court later acknowledged the weakness of the affidavit in *King*. *Dufour v. State*, 495 So. 2d 154, 157 (Fla. 1986) (holding that the instant affidavit did not suffer from the weakness in the *King* affidavit).

D.  The Court of Appeals' majority analysis amounts to the "totality of the circumstances" approach that we have rejected

¶19 Even though the appellate court's two-judge majority acknowledges that Officer Garza's affidavit does

---

[4] As Professor LaFave points out, a growing number of courts have accepted the idea that the present tense alone does not provide a sufficient basis from which a magistrate can infer recency. 2 LaFave, *supra*, at 397; *see, e.g., United States v. Boyd*, 422 F.2d 791, 792 (6th Cir. 1970) (affirmation of a present violation based on the affiant's observation not sufficient without the date of the observation); *Morris v. State*, 1980 OK CR 78, 617 P.2d 252, 253 (failure to specify when informant saw marijuana in defendant's home not cured by statement in affidavit that marijuana " 'now located' " there); *People v. Holmes*, 20 Ill. App. 3d 167, 171, 312 N.E.2d 748 (1974) (use of present tense in complaint for search warrant not enough to make up for failure to supply date of offense).

not clearly state when the informant made his or her observations, it criticizes the trial court for the "rigor" of its analytical approach. *Lyons,* 160 Wn. App. at 106. This criticism echoes the United States Supreme Court's criticism of the rigid application of the *Aguillar/Spinelli* test, which led the Court in *Gates* to adopt a "totality of the circumstances" approach to probable cause. *See Illinois v. Gates,* 462 U.S. 213, 230, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). It could be argued that the "totality of the circumstances approach" adopted in *Gates* would allow a magistrate to infer that the confidential source's observation was contemporaneous with Officer Garza's receipt of the tip. *See id.* at 230-31. However, as noted above, we have specifically rejected the "totality of the circumstances" approach as inconsistent with Washington Constitution article I, section 7. *State v. Jackson,* 102 Wn.2d 432, 443, 688 P.2d 136 (1984). Thus, Officer Garza's statement of probable cause does not identify when the confidential source observed marijuana growing on Lyons' property. Accordingly, we hold that the affidavit was insufficient to support an inference of recency and, therefore, a finding of timely probable cause.

## CONCLUSION

¶20 Because the affidavit for search warrant in this case did not relate when the confidential informant observed marijuana growing on Lyons' property, the affidavit did not provide sufficient support for the magistrate's finding of timely probable cause. Therefore, the trial court did not err when it held that the search warrant was defective and suppressed the evidence seized. We reverse the Court of Appeals and remand for proceedings consistent with this opinion.

MADSEN, C.J., and C. JOHNSON, CHAMBERS, OWENS, FAIRHURST, J.M. JOHNSON, STEPHENS, and GONZÁLEZ, JJ., concur.