# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49572-4-II |
| Respondent, | |
| v. | |
| JESSE M. IRWIN, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Irwin appeals his conviction for possession of a controlled substance—methamphetamine. Irwin argues that the trial court erred by denying his motion to suppress methamphetamine found in his backpack during a search of his vehicle because the officer's search warrant was not supported by probable cause. Irwin also argues that the search warrant was overbroad. We hold that the trial court did not err by concluding that the search warrant was supported by probable cause. We also hold that the overbroad portion of the warrant can be severed and redacted from the valid portion of the warrant. Accordingly, we affirm.

## FACTS

The State charged Irwin with possession of a controlled substance with intent to deliver—methamphetamine and possession of a controlled substance—methamphetamine. Irwin moved to suppress the methamphetamine found during the search of his vehicle because the search warrant was not supported by probable cause.

The probable cause affidavit supporting the search warrant alleged the following, relevant facts:

- On July 14, 2016, at approximately 8 AM, Officer Fraser, of the Battle Ground Police Department, stopped Irwin for driving without a seat belt. Irwin had a female passenger in the van.

- Officer Fraser observed two BMX style bicycles, tools, stereo equipment, and various electronics in the van. Officer Fraser thought the bicycles looked like they would belong to people younger than the people Officer Fraser observed in the van. Officer Fraser also believed the items in the van were consistent with the types of items taken during vehicle prowls.

- When Officer Fraser asked Irwin for identification, Irwin picked up a wallet and removed a license. Then he commented, "That's not me." Then Irwin provided Officer Fraser with his name and date of birth.

- Officer Fraser determined that Irwin's driver's license was suspended in the first degree and confirmed that there was a warrant for Irwin's arrest for third degree theft. And Irwin had a prior conviction for criminal impersonation.

- When Officer Fraser asked Irwin to step out of the van, he realized Irwin was completely naked. Irwin explained that he was running late for a court appearance. Officer Fraser allowed Irwin to get dressed and then placed him under arrest.

- Officer Fraser requested Irwin's consent to search the van to confirm that the items in the vehicle were not stolen. Irwin consented to the search and told Officer Fraser all the items in the van were his.

- Officer Fraser then contacted the passenger, identified as Shelby Cahill. Cahill had "very constricted pupils" and lacked her top teeth. Cahill had a prior conviction for possession of a controlled substance with the intent to deliver.

- Officer Fraser obtained Cahill's consent to search her backpack. Officer Fraser found two glass pipes commonly used to smoke methamphetamine. One of the pipes had a large amount of white crystals, Officer Fraser suspected that it was methamphetamine. Officer Fraser also found a glass jar, about the size of his fist, which contained a white crystal substance that Officer Fraser recognized as methamphetamine. Officer Fraser placed Cahill under arrest.

- Officer Fraser began the search of the van and observed another back pack and a black suitcase. He also observed a bedspread covering something on the backseat and two men's leather wallets on the center console. Then Irwin revoked his consent to search.

2

No. 49572-4-II

Clerk's Papers (CP) at 17-20. In his supporting affidavit of probable cause for a search warrant,

Officer Fraser stated,

> Based on the amount of items in the van consistent with auto prowls and/or thefts (electronics and tools), the suspicious wallet with someone else's identification, the unknown contents of the suitcase and the backpacks, the substantial amount of drugs found in [Cahill's] possession and the criminal histories of both individuals involved, I suspected that the van likely contained additional drugs and/or paraphernalia and stolen items.

CP at 20. The warrant authorized the officer to search for the following property:

> 1. Controlled substances to include, but not limited to methamphetamine, heroin, cocaine or prescription medications;
>
> 2. Drug paraphernalia to include, but not limited to smoking pipes, wrappers, plastic baggies, electronic or digital scales, or any other device which may be used for the consumption or ingestion of drugs;
>
> 3. Any items to show domain and control of the vehicle to include but not limited to identification, mail, credit or bank cards, receipts of purchases with the defendant(s)'s names, paycheck stubs, or other papers including the defendant(s)'s name(s);
>
> 4. Access to any locked storage container which can be used for securing or concealing evidence sought;
>
> 5. And any other items of evidence specifically relating to the crime(s) of Theft II – RCW 9A.56.040, Possession of Stolen Property – RCW 9A.56.140, Identity Theft – RCW 9.35.020, Possession of a Controlled Substance – RCW 69.50.401, and Possession of Drug Paraphernalia – RCW 69.50.412.

CP at 17.

At the suppression hearing, Irwin argued that "this is a clear-cut case of lack [of] probable cause" because there was no particularized evidence based on which the officer could suspect that the items in the vehicle were stolen or that Irwin had drugs. I Verbatim Report of Proceedings (VRP) at 17. The trial court disagreed and concluded that there was probable cause to support the search warrant. The trial court denied the motion to suppress.

3

At Irwin's jury trial, Officer Fraser testified that he searched Irwin's van and found methamphetamine and drug paraphernalia in a backpack in the van. Officer Fraser also found mail and other documents with Irwin's name on them in the backpack.

The State elected to rely exclusively on the methamphetamine found in Irwin's backpack to support the charge for possession of a controlled substance—methamphetamine. The jury found Irwin guilty of possession of a controlled substance—methamphetamine. The trial court imposed a standard range sentence. Irwin appeals.

ANALYSIS

I. PROBABLE CAUSE

We review de novo a trial court's conclusions of law determining probable cause supporting a warrant at a suppression hearing. *State v. Dunn*, 186 Wn. App. 889, 896, 348 P.3d 791, *review denied*, 184 Wn.2d 1004 (2015). Our review is limited to the four corners of the document supporting probable cause. *State v. Neth*, 165 Wn.2d 177, 182, 196 P.3d 658 (2008). Under a de novo review, we determine "whether the qualifying information as a whole amounts to probable cause." *Dunn*, 186 Wn. App. at 896. Facts that, standing alone, do not support probable cause may support probable cause when viewed together with other facts. *State v. Cole*, 128 Wn.2d 262, 286, 906 P.2d 925 (1995). We review the supporting affidavit "'in a commonsense manner, rather than hypertechnically . . . .'" *State v. Lyons*, 174 Wn.2d 354, 360, 275 P.3d 314 (2012) (quoting *State v. Jackson*, 150 Wn.2d 251, 265, 76 P.3d 217 (2003)).

A search warrant may only issue upon a determination of probable cause "based upon facts and circumstances sufficient to establish a reasonable inference that criminal activity is occurring or that contraband exists at a certain location." *Cole*, 128 Wn.2d at 286. Probable cause exists as

4

a matter of law if the supporting affidavit contains sufficient facts and circumstances to establish a reasonable inference that the defendant is probably engaged in illegal activity, and that evidence of that illegal activity is at the location to be searched. *State v. Thein*, 138 Wn.2d 133, 140, 977 P.2d 582 (1999). Therefore, "'probable cause requires a nexus between criminal activity and the item to be seized, and also a nexus between the item to be seized and the place to be searched.'" *Thein*, 138 Wn.2d at 140 (quoting *State v. Goble*, 88 Wn. App. 503, 509, 945 P.2d 263 (1997)). The nexus between the evidence to be seized and the place to be searched must be established by specific facts, not by an officer's generalizations or conclusory predictions. *Thein*, 138 Wn.2d at 145.

First, Irwin relies on *Thein* to argue that Officer Fraser's supporting affidavit did not support a determination of probable cause because Officer Fraser's affidavit was based primarily on generalizations about criminal behavior to establish a nexus between the items to be searched for and the place to be searched. In *Thein*, the officers obtained information supporting the conclusion that Thein was selling or distributing drugs. 138 Wn.2d at 139. Based on the officer's assertion that it is common practice for drug traffickers to keep drug inventory in their homes, the officer obtained a search warrant for Thein's home. *Thein*, 138 Wn.2d at 138-39. Our Supreme Court held that the officer's generalizations about drug traffickers' conduct were not sufficient to establish a nexus between the items being searched for and the place to be searched. *Thein*, 138 Wn.2d at 148-49.

However, unlike the officer's generalizations in *Thein*, here the officer included specific facts in the supporting affidavit that established a nexus between the items to be searched for (the evidence of drugs and theft) and the place to be searched (the van). Officer Fraser directly

observed property in the van that he knew to be consistent with car prowls in the van that they were seeking to search; therefore, there is a direct nexus between the possibly stolen property and the van. Officer Fraser also observed at least two wallets in the van, one of which Irwin admitted did not belong to him; therefore, there is a direct nexus between the possible evidence of identity theft (the wallets) and the place to be searched (the van). And Cahill was actually riding as a passenger in the van while she had drug paraphernalia and a large amount of methamphetamine in her possession. Therefore, there is a nexus between the possible evidence of drug crimes and the van as well. Here, there are specific facts besides Officer Fraser's generalizations which create a nexus between the items Officer Fraser intended to search for and the place to be searched, the van. Accordingly, Irwin's argument that there was no nexus to establish probable cause fails.

Second, Irwin argues that Cahill's possession of a large quantity of methamphetamine cannot support a determination of probable cause for searching his van. Irwin relies on *State v. Parker*, 139 Wn.2d 486, 987 P.2d 73 (1999) to argue that Cahill's possession of drug paraphernalia and a large quantity of methamphetamine cannot support a determination of probable cause to search the van Irwin was driving or Irwin's backpack. However, Irwin's reliance on *Parker* is misplaced.

*Parker* held that the search incident to arrest exception to the warrant requirement did not extend to include the personal belongings of passengers in a car when the driver is arrested. 139 Wn.2d at 502-03. *Parker* does not address probable cause; therefore, *Parker* cannot, and does not, limit what may be considered when making a probable cause determination. A probable cause determination is made considering all the facts and circumstances known to the officer at the time.

*Cole*, 128 Wn.2d at 286. Therefore, a passenger's conduct, possessions, etc., may be considered as part of the facts and circumstances supporting a probable cause determination.

Here, the facts and circumstances Officer Fraser included in his supporting affidavit support a probable cause determination. There was a reasonable inference that Irwin may have been involved in criminal activity because he had a prior conviction for criminal impersonation and Officer Fraser observed Irwin in possession of at least one wallet that admittedly was not his. And there was a reasonable inference that the items in the van may be stolen because they were the type of items consistent with car prowls and Irwin had a warrant for theft. Finally, there was a reasonable inference that drugs may be in the containers in the van because Cahill had been riding in the van and she had possession of drug paraphernalia and a large amount of methamphetamine. And Officer Fraser reasonably believed that there was a relationship between Irwin and Cahill because they were driving to court together in the van while Irwin was naked. As explained above, there was a nexus between the items to be searched for and the place to be searched, the van. Accordingly, Officer Fraser's supporting affidavit was sufficient to support a probable cause determination.

Because Officer Fraser's supporting affidavit was sufficient to support a probable cause determination, the trial court did not err by denying Irwin's motion to suppress the methamphetamine found in his backpack in the van.

## II. OVERBREADTH

Irwin also argues that the trial court erred by denying the motion to suppress the evidence because the warrant was overbroad. Specifically, Irwin argues that "[t]he authority to search for 'any other items of evidence' related to theft crimes is overbroad." Br. of Appellant at 26.

Although we agree that the challenged portion of the warrant was overbroad, the invalid portion of the warrant can be effectively severed and redacted from the remaining valid portions of the warrant. And the valid portions of the warrant authorized the search for the methamphetamine that supported Irwin's conviction.

A search warrant must describe the items to be seized with particularity to prevent general searches, seizure of objects on the mistaken assumption that they fall within the warrant's authorization, and issuance of a warrant on loose, vague, or doubtful factual bases. *State v. Thein*, 91 Wn. at App. 476, 482-83, 957 P.2d 1261 (1998). "Where there is a logical, reasonable basis for redacting an overbroad portion of the warrant, it may be severed from the remaining valid portion and evidence seized based on the latter is not subject to the exclusionary rule." *Thein*, 91 Wn. App. at 483.

For severability to apply, five requirements must be met: (1) the warrant must lawfully have authorized entry into the premises; (2) the warrant must include one or more particularly described items for which there is probable cause; (3) the part of the warrant that includes particularly described items supported by probable cause must be significant compared to the warrant as a whole; (4) the searching officers must have found and seized the disputed items while executing the valid part of the warrant; and (5) the officers must not have conducted a general search in disregard of the warrant's scope. *State v. Maddox*, 116 Wn. App. 796, 807-809, 67 P.3d 1135 (2003).

Here, the "any other items of evidence" related to the theft crimes provision is overbroad because it does not describe any particular items to be seized or searched for, nor does it describe any particular means of committing the theft crimes that could be used or reasonably used to narrow the scope of the search or the items to be seized.

But even if the phrase, "any other items of evidence" related to the theft crimes is overbroad, it can be severed from the remainder of the warrant which addresses specific evidence related to identified drug crimes. As redacted, the warrant is still meaningful and provides authorization for the police to conduct the search conducted in this case. *See Thein*, 91 Wn. App. at 483-84.

Here, the five requirements for severability are met. First, the warrant lawfully authorized entry into the van. Second, the probable cause to search for drugs supported the particular portions of the warrant authorizing the search for evidence related to the possession of methamphetamine. Third, the valid, unchallenged portion of the warrant constitutes a significant portion of the warrant compared to the warrant as a whole. Fourth, the officers seized the methamphetamine while executing the valid portions of the warrant. And fifth, the officers' search was not overbroad under the valid portions of the warrant.

The challenged warrant provision was overbroad, but the overbroad portion can be severed and redacted from the warrant leaving a valid warrant that authorized the search conducted and the seizure of the methamphetamine found in Irwin's backpack.

No. 49572-4-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

WORSWICK, P.J.

BJORGEN, J.