**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 79638-1-I |
| | ) | |
| Respondent/Cross-Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| GARRETT ADAM HOOPER, | ) | |
| DOB: 9/15/1985 | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant/Cross-Respondent. | ) | |
| | ) | |

MANN, C.J. — Garrett Hooper appeals his conviction for unlawful possession of a firearm in the second degree. He contends that the evidence retrieved from his home should have been suppressed because the search warrant lacked probable cause and specificity, and was overbroad in its scope. He also argues that he was entitled to a Franks hearing. Franks v. Delaware, 438 U.S. 154, 155-56, 98 S. Ct. 2674, 2676-77, 57 L. Ed. 2d 667 (1978). We disagree, and affirm.

I.

Washington State Department of Fish and Wildlife Officer John Ludwig investigated Hooper for illegal hunting and poaching after receiving a tip that Hooper

was purchasing Idaho resident hunting licenses although he was a Washington resident. Ludwig spoke with Idaho Fish and Game Officer Tony Imthum, who informed Ludwig that Hooper had not been purchasing Idaho resident licenses, but that Hooper had killed an elk and a whitetail deer in Idaho without a license. Imthum directed Ludwig to Hooper's public Instagram[1] account, which pictured Hooper posing with a whitetail buck, an elk, other game, and mounted deer and elk racks. Hooper indicated in the captions that he hunted these animals in Idaho. Hooper was posing with firearms in many of the photos. Because Ludwig discovered that Hooper was a convicted felon during his investigation, the pictures of him with firearms triggered Ludwig to investigate Hooper for unlawful firearm possession.

Ludwig prepared a search warrant and affidavit to search Hooper's residence for evidence of crimes of unlawful possession of a firearm, unlawful possession of wildlife taken illegally in another state, and unlawful hunting of wild birds. Upon execution of the warrant, officers recovered four firearms from Hooper's residence. Officers found mounted deer and elk racks, deer and elk antlers, turkey fans, packaged game meats, and a rotting deer skull. Officers also seized Hooper's cellphone.

Hooper was charged with one count of unlawful possession of a firearm in the second degree. Hooper moved to suppress all the evidence, contending that the warrant did not provide probable cause to entitle officers to search his home for the evidence of a crime. He also argued that he was entitled to a Franks hearing because of material omissions in the affidavit for the search warrant that were made in reckless disregard for the truth.

---

[1] Instagram is a social media platform used for sharing photos.

The trial court held a CrR 3.5 and CrR 3.6 suppression hearing, where it determined that the search warrant on its face sufficiently established probable cause for the crimes of illegal hunting and unlawful possession of firearms. The court noted that the initial tip was irrelevant because Hooper posted photos of himself engaged in illegal activity to a public Instagram account, stating "once it's on Instagram, it goes out to the public, and that destroys the privacy." The court denied Hooper's request for a Franks hearing, concluding that the affidavit did not contain false statements or material omissions made with reckless disregard for the truth.

Hooper then waived his right to a jury trial, and proceeded to a stipulated bench trial. The trial court convicted Hooper as charged. Hooper appeals.

II.

Hooper argues that the trial court erred when it denied his motion to suppress because the search warrant was defective. Hooper argues that the affidavit to support the search warrant lacked the specificity required to determine that Hooper was the person who had committed a crime and that evidence of criminal conduct would be found in his residence. He contends that Officer Ludwig's investigation only established a level of suspicion that Hooper committed the crimes. He argues that before seeking the search warrant, Officer Ludwig did not confirm that the Instagram account belonged to Hooper, requiring the issuing court to speculate that Hooper was the person in the Instagram photos, that the photos were taken when Hooper could not lawfully possess a firearm, and that the illegal conduct occurred in Washington. He also contends that the warrant was overbroad. We disagree.

The issuance of a search warrant is reviewed for abuse of discretion, with great deference given to the issuing judge. State v. Neth, 165 Wn.2d 177, 182, 196 P.3d 658 (2008). The trial court's determination of probable cause is a legal conclusion which we review de novo. Neth, 165 Wn.2d at 182.

The Fourth Amendment provides that warrants may be issued only upon a showing of "probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." State v. Scherf, 192 Wn.2d 350, 363, 429 P.3d 776 (2018); U.S. Const. amend. IV. "Probable cause exists where there are facts and circumstances sufficient to establish a reasonable inference that the defendant is involved in criminal activity and that evidence of the crime can be found at the place to be searched." Scherf, 192 Wn.2d at 363.

The affidavit to support the search warrant must be read in a commonsense, practical manner. Neth, 165 Wn.2d at 182. The affidavit must be based on more than mere suspicion or personal belief that evidence of a crime will be found. Neth, 165 Wn.2d at 182. "The support for issuance of a search warrant is sufficient if, on reading the affidavits, an ordinary person would understand that a violation existed and was continuing at the time of the application." State v. Fisher, 96 Wn.2d 962, 965, 639 P.2d 743 (1982).

A search warrant must sufficiently describe the items to be seized so that the officer can identify the property with reasonable certainty. State v. Hatt, 11 Wn. App. 2d 113, 452 P.3d 577 (2019), review denied, 195 Wn.2d 1011, 460 P.3d 176 (2020). A description of items to be seized is valid if it is "as specific as the circumstances and the nature of the activity under investigation permits." State v. Perrone, 119 Wn.2d 538,

547, 834 P.2d 611 (1992). A generic description is sufficient if probable cause is shown and a more precise identification is impossible. Perrone, 119 Wn.2d at 547. A magistrate is entitled to draw commonsense and reasonable inferences about items to be seized from the facts and circumstances set out in the warrant. State v. Helmka, 86 Wn.2d 91, 93, 542 P.2d 115 (1975) (court held the magistrate could reasonable infer that additional marijuana beyond the growing marijuana plants identified in the search warrant might be present on the premises searched).

Hooper relies on State v. Lyons, 174 Wn.2d 354, 363, 275 P.3d 314 (2012) to assert that, because Officer Ludwig did not indicate when he received the tip of Hooper's activities, there was insufficient information to establish that Hooper was involved in illegal activity at the time of the search warrant application.

In Lyons, our Supreme Court determined that a warrant to search the defendant's home for a marijuana growing operation was insufficient because the affidavit did not provide an adequate time reference. Lyons, 174 Wn.2d at 363. Probable cause for the warrant was based only on information from a confidential informant, and the affidavit stated only when the officer received the tip, not when the informant observed the illegal activity. Lyons, 174 Wn.2d at 357. Because it was impossible for the magistrate to determine how much time had passed between the police's receipt of the tip from the confidential informant and the execution of the warrant, the affidavit lacked sufficient support to the magistrate's finding of probable cause. Lyons, 174 Wn.2d 354, 368.

Unlike Lyons, here, the trial court correctly indicated that when Officer Ludwig received the tip is irrelevant because Hooper posted dozens of time-stamped photos to

social media depicting him holding a variety of guns. The time stamps on the photos ranged from January 2014 to late November 2015. The search warrant application is dated December 31, 2015. The issuing magistrate did not need to know when Ludwig received the original tip because the photographic evidence Ludwig provided included specific dates on which Hooper used a gun to kill the game depicted in the photos.

The affidavit notified the issuing magistrate that Hooper had a 2010 felony conviction. And it provided ample evidence that Hooper was in possession of guns over an extended period of time between 2014 and 2015. This evidence supported probable cause for the search warrant because Officer Ludwig's investigation supported a reasonable inference that Hooper had engaged in criminal activity. After receiving the tip, Officer Ludwig consulted with Officer Imthum in Idaho about the status of Hooper's licenses. Officer Ludwig discovered that Hooper posted numerous photos of the wildlife he killed and indicated that he killed these animals in Idaho on his public Instagram page. He found that Hooper also posted numerous photos of himself holding firearms on Instagram. The affidavit for the search warrant identified Hooper by his full name, his address, and his wildlife licensing history. The warrant included the photos of Hooper with both the game animals and the firearms from his Instagram page. The support for the warrant goes beyond mere suspicion as a reasonable person would understand that a crime had been committed and that evidence of that crime could be recovered from Hooper's home.

Although Hooper contends that list of items to be seized was overbroad, we disagree. Ludwig used the photos that Hooper shared on social media to describe the specific wildlife to be seized and as well as tools that were used to mount the game

-6-

animals. The magistrate is entitled to make reasonable inferences from the facts set out in the affidavit. Similar to Helmka, the fact that Hooper had hunted deer and elk in Idaho allowed the magistrate to appropriately infer that officers would discover evidence of hunting equipment and trophies in Hooper's home.

Viewed in a common sense matter, the affidavit contained sufficient facts to support the search warrant, and the items to be seized were described with sufficient particularity. Because the warrant was proper, the trial court did not err when it denied the motion to suppress.

III.

Hooper also contends that the trial court erred when it denied his request for a Franks hearing. Hooper argues that he was entitled to a Franks hearing because there are 11 other Instagram users named Garrett Hooper. He also contends that the photograph of the home in the affidavit was not his home, and that the affidavit misidentified the type of car that Hooper drove. We disagree.

If the defendant makes a preliminary showing that false statements in the affidavit were made knowingly and intentionally, or in reckless disregard of the truth, and the allegedly false statement is necessary to the finding of probable cause, the defendant is entitled to a Franks hearing. Franks, 438 U.S. at 155-56; State v. Thetford, 109 Wn.2d 392, 398, 745 P.2d 496 (1987). If the defendant establishes by a preponderance of the evidence that statements made in the affidavit were false or made with reckless disregard of the truth, and if the remaining material in the affidavit is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded. State v. Wilke, 55 Wn. App. 470, 480, 778 P.2d 1054

(1989); Franks, 438 U.S. at 155-56. Recklessness is established where the affiant has serious doubts to the truth of the facts or statements in the affidavit. Wilke, 55 Wn. App. at 480. "Negligent or innocent mistakes are not sufficient to void a warrant." Wilke, 55 Wn. App. at 480. We review the trial court's conclusions under a clearly erroneous standard. State v. Chenoweth, 160 Wn.2d 454, 484, 158 P.3d 595 (2007).

Hooper contends that there were critical omissions of how many people sharing his name were on Instagram, that there was an incorrect photo of his residence, and that the make of his Chevy automobile was incorrect. The trial court rejected these assertions and concluded that the affidavit contained no false statements and no omissions made with reckless disregard for the truth.

The trial court noted that wildlife officers had specific knowledge that the Garret Hooper in the Instagram account was the correct age, with comments on the account from his wife whose identity they knew, and referenced hunting in Idaho and Washington consistent with Hooper and the person sought. The court determined that an ordinary prudent person would infer this was Hooper's Instagram account.

The court also noted that there was no evidence before it proving that the photo attached of the house was incorrect. The photo was not determined to be material, given the substantial information in the affidavit about Hooper's address. The house searched was in fact his current residence, it was listed as his current residence, and the parcel number was corroborated through the county assessor's office as his residence.

Finally, the court noted that Hooper's Chevy Avalanche was mislabeled a Chevy Aero. The court, who observed the hearing testimony and reviewed the affidavit,

concluded that the mistake was a scrivener's error and not a deliberate false statement. The court correctly noted that the actual search was limited to the house regardless. Because the Chevy was not searched, there was no evidence recovered from it to suppress.

The trial court's denial of a <u>Franks</u> hearing was not clearly erroneous. The court gave specific and concrete reasons to determine that Hooper failed to make a substantial showing of any false statements or omissions made with reckless disregard for the truth in the affidavit. Hooper was not entitled to a <u>Franks</u> hearing.

Affirmed.

_____
Mann, C.J.

WE CONCUR:

_____            _____
Andrus, A.C.J.                                Leach, J.