IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36705-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JOHN WARREN EPPS, JR., | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — John Epps Jr. appeals his conviction for second degree unlawful possession of a firearm. He argues the firearm was seized as a result of an invalid warrant and he was deprived of his constitutional right to conflict-free counsel. We disagree and affirm.

FACTS

In June 2017, a protection order was issued against John Epps. As a result of the order, Mr. Epps was required to surrender firearms or concealed pistol licenses in his possession. Mr. Epps surrendered his concealed pistol license, but he did not turn over any firearms. He instead completed a declaration of nonsurrender stating he no longer had any guns in his possession.

Law enforcement came to doubt Mr. Epps's denial of ongoing gun possession. Mr. Epps spoke with a law enforcement officer when he surrendered his concealed pistol license. During that conversation, Mr. Epps admitted he "still had firearms in a, 'safe' place because he lived in the woods." Clerk's Papers (CP) at 54. Mr. Epps also admitted he "had firearms in pawn." *Id.*

Additional investigation revealed Mr. Epps had been holding a silver and black rifle when he was served with the original protection order. Officers reviewed local pawn records that indicated Mr. Epps had pawned 13 different guns between October 6, 2014, and June 24, 2017. Law enforcement accounted for the whereabouts of some of the 13 guns, but not all of them.

A search warrant was obtained for Mr. Epps's property based on the foregoing information. During execution, officers found a shotgun, a .22-caliber rifle, and several

boxes of ammunition. The State charged Mr. Epps with two counts of second degree

unlawful possession of a firearm.

Prior to trial, Mr. Epps filed a motion to suppress evidence. He argued the search

warrant affidavit did not establish probable cause. The trial court denied the motion.

Mr. Epps's case proceeded to trial. A jury convicted him of possessing the

shotgun, but acquitted him of possessing the rifle.

After the jury's verdict, the State sought to have Mr. Epps immediately remanded

into custody. In arguing for detention, the State referenced an e-mail it had received from

defense counsel indicating Mr. Epps may have attempted through a third party to tamper

with a witness in a separate case. Defense counsel opposed detention, arguing the

information referenced by the State was stale. The trial court remanded Mr. Epps into

custody. It subsequently imposed a sentence of six months' imprisonment.

Mr. Epps appeals.

## ANALYSIS

The first issue raised by Mr. Epps is the validity of the search warrant. All warrants

must be supported by probable cause. U.S. CONST. amend. IV. In this context, probable

cause requires a reasonable belief—greater than mere suspicion—that evidence of a crime

will be found in the place to be searched. *State v. Neth*, 165 Wn.2d 177, 182-83, 196 P.3d 658 (2008).

Mr. Epps claims the warrant lacked probable cause because there was no evidence of ongoing firearms possession or a nexus between firearms and his residence. According to Mr. Epps, he merely admitted his firearms were in pawn shops or a safe place. He claims his admission was insufficient to permit an inference of ongoing personal possession, let alone ongoing possession at his residence, as opposed to some other safe location.

Mr. Epps's arguments fail because they do not accurately reflect the record. According to the search warrant affidavit, Mr. Epps did not merely tell law enforcement his firearms were in a "'safe' place." CP at 54. Nor did he only state the firearms were "in a 'safe' place because he lived in the woods." *Id*. Instead, Mr. Epps admitted he "*still had firearms in a 'safe' place because he lived in the woods.*" *Id*. (emphasis added). That statement indicated ongoing possession. Mr. Epps was known to have possessed firearms at his property prior to issuance of the protection order. His statement, coupled with the failure to surrender any firearms, permitted a reasonable inference that Mr. Epps continued to possess firearms at his property. *See State v. Lyons*, 174 Wn.2d 354, 363, 275 P.3d 314 (2012). The search warrant was valid.

4

In addition to challenging the search warrant, Mr. Epps argues he was denied his right to constitutionally effective counsel because his attorney breached a duty of loyalty by disclosing damaging information to the prosecution. *In re Pers. Restraint of Gomez*, 180 Wn.2d 337, 348, 325 P.3d 142 (2014) ("[T]he right to effective assistance of counsel includes the right to conflict-free counsel.").

The record fails to support Mr. Epps's claim. The messages defense counsel shared with the State were not material to Mr. Epps's firearms case. At the time they were mentioned in court, neither Mr. Epps nor his attorney voiced an objection to the disclosure. We have no information about how or why the messages were disclosed. Speculating that counsel violated the rules of professional conduct and their constitutional duties to Mr. Epps by disclosing the messages to the State would be contrary to the "strong presumption" that counsel's representation was effective. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). Mr. Epps has not established a basis for relief. *See id.* ("The burden is on a defendant alleging ineffective assistance of counsel to show deficient representation based on the record established in the [trial court] proceedings."). His ineffective assistance of counsel challenge fails.

## CONCLUSION

The judgment of conviction is affirmed.

No. 36705-3-III
*State v. Epps*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:


_____
Korsmo, J.


_____
Fearing, J.